GUSTAV HAUSER, ADMINISTRATOR, &c., OF JAMES EDWARDS, DECEASED, PLAINTIFF IN ERROR, v. EMELIA LEVINESS, DEFENDANT IN ERROR.

Argued June 9, 1898—Decided November 7, 1898.

In a suit against an administrator, an account, containing items of money lent to or paid for the decedent, made up from the plaintiff's own memoranda, is not legally evidential in the plaintiff's behalf.

On error to the Hudson Circuit.

Before Justices DIXON, LUDLOW and COLLINS.

For the plaintiff in error, *Queen & Tennant.*

For the defendant in error, *Henry Puster.*

The opinion of the court was delivered by

COLLINS, J.   On the trial on December 20th, 1897, of a suit against an administrator *cum testamento annexo*, the plaintiff, despite objection and exception, was permitted to prove and offer in evidence as her account against the intestate, a paper writing made up from cards she had destroyed. This account was as follows:

" James Edwards to Amelia Leviness, Dr.

| | | | | |
|---|---|---|---|---|
| July 16, 1896. | Money advanced............$250 00 | | | |
| "  27,  " | Cash received................ ,50 00 | | | |
| | —————$200 00 | | | |
| Aug.  3,  " | Money advanced........................ | 75 00 | | |
| Sept. 25,  " | "      "      ...................... | 25 00 | | |
| Oct.  17,  " | "      "      ...................... | 20 00 | | |
| "   25,  " | "      "      ...................... | 20 ·00 | | |
| Nov. 13,  " | "      "      ...................... | 100 00 | | |
| "   14,  " | One-half gallon whiskey............ | 1 25 | | |
| "   10,  " | Medicine............................. | 55 | | |
| Dec. 10,  " | Medicine............................. | 55 | | |
| "   24,  " | Fare and time........................ | 1 00 | | |
| Jan. 18, 1897. | Fire insurance........................ | 8 45 | | |
| Oct. —, 1896. | Advanced to Clarence Edwards, at request of James Edwards....... | 17 00 | | |
| Jan. 21, 1897. | Money advanced to Clarence Edwards for railroad................. | 20 00 | | |
| "   25,  " | Money advanced for one ton of coal .................................. | 5 00 | | |
| "   29,  " | Money advanced to Clarence Edwards................................. | 5 00 | | |
| "   30,  " | Money advanced to S. Edwards for railroad fare................... | 10 00 | | |
| "   30,  " | Money advanced for underwear shirts and tie................ ...... | 3 25 | | |

$512 05 "

After admitting the paper in evidence the trial judge said that unless the items were proved it was worthless and would be stricken out. In his charge he adverted to the paper as in evidence and to his qualifying remark. He told the jury that there was no evidence to support certain items of the account and that those must be deducted, but that for the others if proved there might be recovery with interest. The items thus submitted to the jury are the first six and last of the series. The following is a synopsis of all pertinent testimony

extrinsic to the account: Henrietta Thiel, the plaintiff's mother, testified that in the middle of July, 1896, she gave her daughter $250 to loan to James Edwards (the decedent), whom she heard ask for the loan. She could not say that Edwards got the money. She had frequently at other times seen money pass between her daughter and Edwards. Samuel Baker testified that "over a year ago this summer,"—later stated as "a couple of years ago"—he saw the plaintiff give Edwards money to pay to witness, on one occasion $25 and on another $20. Felix Holden testified that he had seen the plaintiff give Edwards money "a good many times"—as high as $20 or $30—the last time being "along in the spring, the latter part of the winter before he died." This witness also testified that he had heard Edwards "say a great many different times that $500 would not make Mrs. Leviness good for what he owed her," the last time he said this being "around October, a year ago." Harrison Thomas testified that on January 20th, 1897, when witness was sitting in the sick-room of Edwards, who had just been telling him that he had "made his will and got everything all fixed," the plaintiff came into the room and that then Edwards said "there is Mrs. Leviness, I owe her $500" and began to cry, and that the plaintiff said "never mind that, that is all right." Edwards died January 24th, 1897. It will be seen that the items of the account were not proved *aliunde,* and as the case was not put, in the charge, as possible to rest only on the general admission of a debt of $500, there is no alternative but that the jury treated the account as evidential, for their verdict was given for $440.

We agree with the trial judge that, unsupported, the account was worthless as evidence. Therefore it should not have been submitted to the jury. Indeed, it should not have been received at all. The items were not of a character to be proved even by a regular book account (*Inslee* v. *Prall,* 3 *Zab.* 457; *S. C. affirmed,* 1 *Dutcher* 665; *Oberg* v. *Breen,* 21 *Vroom* 145), and the plaintiff was not a competent witness to prove them. *Gen. Stat., p.* 1407, *pl.* 53.

There must be a reversal and a *venire de novo.*