LOUIS MAURER, PLAINTIFF-APPELLANT, v. MORRIS L. SIMON, DEFENDANT-APPELLEE.

Submitted January 15, 1926—Decided May 4, 1926.

Negligence—Motor Vehicle Collision—Both Sides Claimed Damages—Plaintiff Nonsuited Because He Did Not Show Damages—This Probably an Error, Since He Might Have Been Entitled to Nominal Damages, But This Point Not Made on Appeal—Defendant's Judgment on Counter-Claim Contested on Six Grounds Relating to Proof—Measure of Damages is Respective Value of Car, But Cost of Repair Admissible to Establish Such Values—Other Grounds Considered, But Found Without Merit.

On plaintiff's appeal from the District Court.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff-appellant, *Schneider & Schneider.*

For the defendant-appellee, *John J. Breslin.*

PER CURIAM.

The suit arises out of a collision between two automobiles in the city of Passaic. Each party claimed that the other was in fault, and both parties claimed damages. The plaintiff was driving his car northerly on Main street and undertook to turn to his left into Oak street. The defendant, going south on Main street, struck the plaintiff's car as it was turning and forced it up against a telegraph pole on the south side of Oak street. Plaintiff sued for damages, and the defendant counter-claimed for damages. At the trial the plaintiff was nonsuited for failing to prove the amount of his damages. This nonsuit was probably erroneous, because of the well-settled rule that mere failure to prove substantial damages is not a ground of nonsuit, the claimant being entitled, at least, to a nominal verdict; but this point is not made on the present appeal, and, consequently, is removed from our consideration. The defendant having coun-

ter-claimed for damages was allowed a recovery of $400 on his counter-claim, and this judgment for damages is the gravamen of the plaintiff's appeal.

Seven grounds of appeal are advanced. The first is abandoned; all the others relate to the defendant's proof of damage. We take them up in order.

Number two is that the court allowed a witness over objection to testify what would be a fair and reasonable amount to repair the defendant's car. The argument on this point is that the cost of repairs is not the proper measure of damages, but, rather, the difference between the value of the car before and after the injury, citing *Van Sciver* v. *Public Service Railway Co.*, 96 *N. J. L.* 13. Undoubtedly, the measure of damages is the difference in value, but it has been held more than once that the cost of repairs is, at least, evidential on that point, and, consequently, evidence of cost of repairs is legitimate. *Hintz* v. *Roberts*, 98 *Id.* 768.

Ground three is that the court refused to find as a fact that the defendant, Simon, did not testify to any loss whatsoever, and showed no evidence of payment of any bills whatsoever, and that he showed no damages.

The fourth, that the court refused to find that the damages were not proven in a proper manner.

The fifth, that the estimate submitted to the court was not any evidence of damage, and, therefore, no damages were proven on behalf of the defendant-appellee.

As to these, we think the answer is that, although there seems to have been no direct evidence as to the difference of the value of the defendant's car before and after, nevertheless the cost of repair is, at least, evidential on that point, and, consequently, there was some legal proof of damage.

The sixth ground is that the court refused to find that there was no connection between the damages as found by the mechanic who testified to the same and the damages that were actually sustained. The mechanic, whose qualifications were admitted, saw the car on a Monday following the accident, and the accident occurred on the preceding Saturday at ten-thirty P. M. It seems quite reasonable for a jury to

assume under those circumstances, and in view of the defendant's evidence as to the injuries sustained by his car, which was quite specific, that the wreck examined by the witness Potter on Monday was the wreck that had been caused by the collision with the plaintiff's car on Saturday.

The seventh and last ground is that the court refused to nonsuit for the reasons—(a) that there was no evidence of payment of any bills by or any damage to the defendant; (b) that there was no evidence of any damage suffered by the defendant; (3) that the damages were not proven in a proper manner. We are not aware of any rule which requires evidence of payment of bills by the owner of an injured car before he can recover damages for the injury, and, as to the other subdivisions of the motion, they are answered by what has already been said.

Finding that none of the grounds advanced exhibits error calling for a reversal, the judgment will be affirmed.