ROBERT ROSS, PLAINTIFF-APPELLEE, v. NEVIN BUS LINES AND EARNEST KIMBALL, DEFENDANTS-APPELLANTS.

Submitted October 17, 1930——Decided April 2, 1931.

Before Justices Case, Daly and Donges.

For the appellants, *Charles C. Colgan.*

For the appellee, no appearance.

Per Curiam.

This is an appeal from a judgment of the Second District Court of Jersey City in favor of the plaintiff for damage to his automobile. The suit grows out of an automobile collision involving the plaintiff's car, the bus of the defendant Nevin Bus Lines, driven by the other defendant Kimball, and a truck of the Standard Laundry Company.

Plaintiff parked his car along a street known as the Boulevard in Jersey City. Immediately behind it was parked the Standard Laundry truck. The bus of the defendant struck the laundry truck and drove it against plaintiff's car, damaging it to a considerable extent. The defendants' contention was that the laundry truck pulled out from the curb directly in front of the moving bus when there was no opportunity for the driver of the bus to avoid a collision. However, the driver of the truck says he started to pull out but, noticing some oil under the truck, he stopped and alighted. He claims the collision occurred while the truck was thus standing still and he was out on the street looking under the truck.

1. Defendants contend first that the court should have granted a nonsuit on the ground that there was no evidence of negligence. The testimony of the driver of the laundry truck presented evidence from which negligence could be inferred. The refusal to nonsuit was proper.

2. The defendants contend that the court should have directed a verdict for the defendants on the ground that there was no evidence of negligence. What has been said above applies to this point. A question of fact was presented by the evidence and since there is support for the finding of the trial judge it will not be reversed. The appellants discuss the doctrine of *res ipsa loquitur* but it is not necessary

to invoke this doctrine to sustain the judgment in this case. The testimony of the driver of the laundry truck presented direct evidence of negligence, namely, running into a vehicle standing for sometime in plain view upon the roadway.

3. That the trial court erroneously allowed the plaintiff to testify as to the value of his car before and after the accident. Appellants cite *Teets* v. *Hahn*, 104 *N. J. L.* 357, in support of this contention. However, the following quotation from that case seems to defeat rather than uphold this contention:

"Furthermore, it appears that when the plaintiff was asked what the car was worth before the collision the question was objected to by defendant's counsel on the ground that he was not qualified to testify to the question, but it involved expert knowledge, and the trial judge sustained the objection. This ruling on the part of the trial judge was erroneous. We think the plaintiff, who was a carpenter and builder, was competent to give his opinion as to the value of his car before the collision. To give such testimony did not involve expert knowledge."

This line of reasoning also applies to the value after the collision. His testimony of the value after the accident was based on the price he sold it for, which he testified was the best price he could get. There is no merit in this point.

4. That the trial court erroneously allowed Fred Blanche, a witness, to testify as to the value of the car before and after the accident. An examination of the record discloses that no exception was taken to the giving of this evidence. Furthermore, the witness, while being examined as to his fitness to give this evidence, qualified as an expert. He testified that he had bought a great many cars of all makes and had acted for others in the purchase of cars.

5. That the trial court erroneously refused to allow the records containing the testimony given by one of the witnesses in a prior trial into evidence for the purpose of attacking the veracity of the evidence given by the said witness. This apparently refers to a hearing before a police court judge involving the same accident. It appears from

the record that the record offered was not a stenographic report of testimony but the notes of the police court judge concerning the testimony given before him. The police judge was not offered as a witness to prove what was said. Clearly these notes were properly excluded from the evidence.

The judgment is affirmed, with costs.