JOHN CHMIEL, PLAINTIFF-APPELLEE, v. AGNES YATSKO, DEFENDANT-APPELLANT.

Submitted January 16, 1940—Decided May 13, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the plaintiff-appellee, *Chandless & Weller* (*Julius E. Kramer,* of counsel).

For the defendant-appellant, *C. Conrad Schneider.*

The opinion of the court was delivered by

TRENCHARD, J. This is the appeal of the defendant below from plaintiff's judgment, rendered by the District Court, sitting without a jury, for $220 which later, on a rule to show cause why the damages should not be reduced, was reduced to $200.

The complaint alleged in the first count that "* * * the defendant willfully and maliciously fed or caused to be fed poison to the pigeons with the intent to injure the same;" and in the second count thereof that "* * * the defendant willfully and maliciously and without just cause, caused certain corn to be poisoned and fed to the pigeons of the plaintiff."

From the state of the case, as settled by the trial judge, it appeared that the court found as a matter of fact that the defendant had poisoned the pigeons in question.

We now examine the specifications of determinations with which the defendant is dissatisfied in point of law *in so far as they are argued,* and perceive no reason for disturbing the judgment.

We think there was no prejudicial error in the trial court's permitting the plaintiff to testify to the market value of the pigeons. The plaintiff testified that he had been raising pigeons for eighteen years and that the particular pigeons in question had been raised and trained by him, over a period of from one to five years, for racing purposes, and that he had bought and sold pigeons of that type. He stated that he was familiar with the market price of pigeons of that type and category and set a value of $25 a pair upon them.

Now the trial judge found that the witness was qualified to testify to the value of the pigeons.

Where, as here, the question is whether a witness has such special knowledge or experience as to justify him to give opinion evidence, is a question for the determination of the

trial court, whose finding is not reversible on appeal if there is any legal evidence to support it. *Leonard* v. *Standard Aero Corp.,* 95 *N. J. L.* 235. Here there was such evidence.

We think there was no prejudicial error in the court's permitting the introduction of the chemist's report signed by Dr. Edel.

The witness, Miss Irene Turno, testified that she was a chemist and toxicologist associated with Dr. Albert E. Edel, and with him had made an analysis of the corn, finding the same to be coated with a sodium poisoning, and that, at Dr. Edel's request, she had prepared the findings which were signed by him and which findings were introduced in evidence. It is apparent therefrom that the findings that the corn was coated with sodium poisoning was her finding as well as that of Dr. Edel; and even if it be found that the report signed by Dr. Edel was inadmissible, there was the evidence of Miss Turno, a chemist and toxicologist whose qualifications were not questioned, that the corn was coated with sodium poisoning. Consequently, there was no prejudicial error in permitting the introduction of the report which at least was a memorandum of the witness' own analysis used for the purpose of refreshing her recollection, and contained only that which she testified to as of her own knowledge.

The rule is that a witness may use her own memorandum to refresh or supplement her memory, if as here, it was made at or near the time when the facts were fresh in her memory; and when so used it is not prejudicial error to allow it to go to the jury. *Myers* v. *Weger,* 62 *N. J. L.* 432; *Cotentin* v. *Meyer,* 80 *Id.* 52.

We think there was no prejudicial error in the trial court's permitting the plaintiff to ask the defendant the question: "You were convicted in the Second Criminal District Court of the poisoning of these thirty-three pigeons, were you not?"

The question, asked upon cross-examination, was for the purpose of affecting the credibility of the witness and was properly admissible (*Hill* v. *Maxwell,* 77 *N. J. L.* 766); and moreover there was no prejudicial error where, as here, the only objection to the question was as to form, and the witness

in response to a question by her own attorney then answered that she was so convicted.

The defendant under Point IV of his brief attempts to argue that "there was no evidence that the pigeons in question died of poisoning, or that the defendant caused the alleged act." But an examination of the specifications of determinations filed herein nowhere discloses any ground of appeal as alleged in Point IV. In such case the rule is that where a judgment cannot be reversed upon the grounds specified it must be affirmed. *Champlin* v. *Barthold,* 82 *N. J. L.* 13.

We think the trial court had before it sufficient evidence to support the judgment in favor of the plaintiff and against the defendant. The facts testified to therein, as settled by the state of the case, together with the inferences which might reasonably be drawn therefrom, clearly demonstrate that the plaintiff proved his case by a fair preponderance of the evidence and that the court, sitting as the trier both of the facts and the law, properly entered judgment in his behalf.

The judgment will be affirmed, with costs.