Defendant appeals from a judgment entered against him on a verdict of a jury for $1,120 in the Essex County Court. *Page 565 
Plaintiff operated a cleaning and pressing establishment at 225 Waverly Avenue, Newark, New Jersey. He instituted suit alleging that the defendant Holcomb, a licensed insurance broker, undertook to effectuate, on plaintiff's behalf, a renewal of a policy from June, 1946, to June, 1947 covering burglary loss of his customers' clothing up to $1,000; that defendant agreed to pay the premium and to accept reimbursement therefor from the plaintiff in installments; that defendant failed to make timely payment of the premium resulting in cancellation of the policy without plaintiff's knowledge; that defendant, knowing of the cancellation, continued to accept the installment payments; that plaintiff's shop was burglarized on January 24, 1947, and he thereby suffered a loss which would have been covered by the policy had not the defendant breached his agreement.
Appellant makes 3 points: (1) a memorandum was improperly received in evidence; (2) there was no competent proof of damage, and (3) the verdict is against the weight of the evidence.
After the burglary plaintiff notified Holcomb and was told to satisfy his customers. At the time plaintiff paid the claims for the stolen garments he made a memorandum of the name and address of the customer, the article and amount thereof, having the customer sign it as a receipt to "keep from paying the same man twice." An entry on the list "Gladys Herndon, 219 Court Street, Newark, 1 fur coat $257.00, 1 suit $57.00," is typical. Plaintiff was asked what was stolen. He answered he had a list and was then asked by the trial judge:
"Q. What are you reading from? Is this a list of the articles? A. Yes.
"Q. You made it? A. Yes.
"Q. You may use it to refresh your recollection."
When asked whether the list would refresh his recollection as to whose merchandise was stolen, he answered it would. The attorney for the defendant requested the right to cross examine on the memorandum. It was granted and the examination was directed to how, when and by whom the list was compiled. At its conclusion he was asked the total amount *Page 566 
of the items and he answered $1,426.50. Whereupon the memorandum was offered in evidence and received over objection.
We think the learned trial judge fell into harmful error in allowing the memorandum to be marked in evidence. Wait v.Krewson, 59 N.J.L. 71; Hauser v. Leviness, 62 N.J.L. 518. At best it could be used only for the purpose of refreshing plaintiff's memory if at the trial he was unable to recall the items without assistance. However, no attempt was made to use the memorandum for that purpose. Such a line of examination was not pursued. We think the memorandum in the circumstances here presented was not affirmative, intinsic proof of the matters therein. Its offer as an exhibit should have been rejected.Jackson v. Pioneer Adhesive Works, Inc., 132 N.J.L. 397;Springer v. Labow, 108 N.J.L. 68; Crothers v. Caroselli,126 N.J.L. 590.
There was no other proof of damage. Only experts on a given subject can express their estimates of the value of anything real or personal. Pennsylvania Railroad Co. v. Root, 53 N.J.L. 253; Hopper v. Public Service, etc., Transport, 114 N.J.L. 468. The fact that plaintiff operated a cleaning and pressing establishment for 30 years, without more, in our opinion is not sufficient to qualify him as an expert on the value of used clothing. There must be proof to satisfy the trial judge that the witness has special knowledge of the subject matter upon which he is to express his opinion. No attempt was made to so qualify the plaintiff. Taking this view it becomes unnecessary to consider the remaining points.
The judgment is reversed and a venire de novo awarded. *Page 567