JOHN D. ARMSTEAD AND HELEN E. ARMSTEAD, PLAINTIFFS-RESPONDENTS, v. SCHLETTER FULL FASHION SILK HOSIERY, INC., A CORPORATION, THE BIG 4 CO., A CORPORATION, AND GUSTAV SCHLETTER, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued October 9, 1950—Decided October 16, 1950.

Before Judges Jacobs, Eastwood and Bigelow.

*Mr. Christopher N. Peditto* argued the cause for the appellants.

*Mr. Benjamin·F. Friedman* argued the cause for the respondents.

The opinion of the court was delivered by

JACOBS, S. J. A. D.   This is an appeal from a judgment for plaintiffs entered in the Law Division pursuant to a jury verdict.

The defendants Schletter Full Fashion Silk Hosiery, Inc., and The Big 4 Co. were the corporate occupants of factory buildings located near Sixth Street and Legion Avenue in the Borough of Palmyra, County of Burlington.   An empty drum was maintained in the rear of the buildings for the burning of waste.   The plaintiffs' home was located about 135 feet from the drum, the intervening area being a vacant lot.   Shortly before 8:00 A. M. on March 5, 1947, the plaintiffs' home was damaged by fire.   They instituted action against the two corporate defendants and Gustav Schletter alleging that they negligently started a fire in the rear of the factories which had resulted in damage to the plaintiffs' home. A pretrial conference was held and a pretrial order was entered which contained stipulations to the effect that plaintiffs' home had been damaged by fire;  papers were burned in the drum by the defendant Schletter Full Fashion Silk Hosiery, Inc., between 6:15 and 6:45 A. M. on March 5, 1947;  the damage to the building was $2,079.19, subject to amendment "on proper motion";  and the plaintiffs were left "to their proofs" as to the furniture damage.   The order stated that the plaintiffs would endeavor to prove at the trial that the fire "was either the fire admitted by the hosiery company to have been made in the drum or was a fire made by the hosiery company or one of the defendants outside the drum."

At the trial Mrs. Southerland testified that between 7:30 and 8:00 A. M. on the morning of March 5, 1947, Max Schletter, president of the defendant Schletter Full Fashion Silk

Hosiery, Inc., and "part owner" of The Big 4 Co., came out of one of the factory buildings, burned some trash which he had emptied on the ground alongside the drum, and left the fire unguarded. She further testified that it was very windy, the wind was blowing towards plaintiffs' home and she noticed sparks and bits of paper flying in that direction. Mr. Carsello testified that he saw a "ball of fire" being blown from the area surrounding the drum to the back part of the plaintiffs' home. In describing it he said, "The wind kept lifting it, coming down, lifting it, coming down. When it hit the back part of the house it let out all these sparks of fire." Mr. Betty, captain of the police force of the borough and a member of its volunteer fire department, conducted an investigation immediately after the fire. He testified that Gustav Schletter, who described The Big 4 Co. as his "place," told him that he had started a fire in the drum which he thought "was out." Gustav Schletter denied this statement. Max Schletter testified that he had started a fire at 6:15 A. M., had placed a wire screen on top of the drum, and this fire had burned out in about a half-hour. He denied having started any other fire that morning. There was testimony on plaintiffs' behalf that there was no wire screen or other lid on or near the drum on the morning of the fire.

On the issue of damages Mr. Stavely, who was in the contracting and building business, testified on direct examination that he had prepared an itemized list of the necessary repairs and that a fair and reasonable estimate of the damage was $2,079.19. On cross-examination he identified certain of the items on his list but was unable to furnish specific details with respect to others. Mr. Cherry, a dealer in used furniture and a friend of the plaintiffs, testified that he was familiar with their furniture and expressed his opinion as to the reasonable value of the individual items before and after the fire. Motions were made for dismissal at the close of plaintiffs' case, and for directed judgment at the close of the entire case, but we need consider only the latter. See *The City National Bank and Trust Company of Salem v. Hassler,* 9 *N. J. Super.*

153 (*App. Div.* 1950). The motions were denied and the jury returned a verdict for the plaintiffs against the three defendants. On their appeal the defendants urge that (1) the plaintiffs were improperly permitted to introduce evidence which was outside the pretrial order, (2) there was insufficient evidence to permit a determination by the jury as to the amount of damages, and (3) the verdict was against the weight of the evidence.

In support of its first contention the defendants take the position that the plaintiffs were confined by the pretrial order to reliance upon the 6:15-6:45 A. M. fire and were not at liberty to introduce evidence that another fire was started between 7:30-8:00 A. M. We consider this contention to be without merit. The pretrial order advised the defendants that the plaintiffs would seek to prove that the defendants or one or more of them engaged in negligent conduct on the morning of March 5, 1947, which caused the damage by fire to the plaintiffs' home. No specific hour for this conduct was fixed by the plaintiffs in the pretrial stipulation and the fact that one of the defendants admitted a 6:15-6:45 A. M. fire in nowise restricted the plaintiffs' proofs. The contrary view urged by the defendants would defeat the purpose of pretrial practice which is designed to facilitate the attainment of justice between the parties. *Cf. Binder v. Green,* 8 *N. J. Super.* 88 (*App. Div.* 1950).

The defendants' second contention necessarily rests upon the position that there was no competent evidence of damages; if there was such evidence then the jury was properly permitted to determine the amount. *Teets v. Hahn,* 104 *N. J. L.* 357 (*E. & A.* 1928). In the light of the terms of the pretrial order and the testimony by Messrs. Stavely and Cherry we fail to see what basis there might be for the view that there was no competent evidence of damages.

We likewise consider the final contention advanced by the defendants to be unsound. The testimony, together with the legitimate inferences which the jury was entitled to draw therefrom (*Dobrow v. Hertz,* 125 *N. J. L.* 347 (*E. & A.*

1940)), was legally sufficient to support the finding that the damage to the plaintiffs' home resulted from fire which Gustav and Max Schletter, acting on behalf of the corporate defendants, had started on a very windy morning but had negligently failed to guard in any manner. Upon such finding the verdict was permissible and no persuasive reason for upsetting it has been shown. *Huddleson v. Lerman,* 8 *N. J. Super.* 144, 147 (*App. Div.* 1950).

The judgment is affirmed.