34 N.J. Super. 362 (1955)
112 A.2d 592
BEDROS B. KAZANJIAN, TRADING AS NEW JERSEY ACME CARPET AND RUG CLEANING COMPANY, PLAINTIFF-APPELLANT,
v.
ATLAS NOVELTY CO., INC., A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 28, 1955.
Decided March 10, 1955.
*364 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Bernard Shurkin argued the cause for appellant (Messrs. Sanderson & Engel, attorneys).
Mr. Mark Townsend argued the cause for respondent (Messrs. Townsend and Doyle and Mr. Thomas F. Doyle, attorneys).
*365 The opinion of the court was delivered by CONFORD, J.A.D.
Plaintiff, a rug merchant, sued to recover for damages to his stock of imported and domestic rugs consequent upon extensive water damage resulting from efforts of the Jersey City fire department to extinguish a fire allegedly caused by the negligence of the defendant. The parties were both commercial occupants of a building at 409 Ocean Avenue, Jersey City, the plaintiff on the first floor and the defendant on an upper floor, where the fire originated. Fifty thousand gallons of water are said to have been poured into the building, flooding plaintiff's premises and damaging some 355 of plaintiff's stock of over 3,000 rugs.
An earlier trial had resulted in an involuntary dismissal for failure of plaintiff to prove negligence on the part of the defendant. This action was reversed by the Appellate Division and the case was retried in February, 1952. At the conclusion of the trial, after refusal by the trial court to allow plaintiff to establish his damages in the manner hereinafter detailed, the court denied defendant's motion for judgment but charged the jury that if it found against the defendant on the issue of negligence, its verdict in favor of the plaintiff should be in the sum of six cents. The jury did find for the plaintiff in that amount and judgment was entered therefor April 25, 1952. A motion by the plaintiff for a new trial was filed March 4, 1952, was argued once some time in May 1952, reargued on August 10, 1954 and dismissed September 29, 1954. The basis for the motion was the alleged error in the exclusion of the proofs of damage offered at the trial by plaintiff. Notice of appeal from the judgment was filed November 5, 1954.
A preliminary procedural question first engages our attention. It is apparent that there has been a clear violation of R.R. 4:61-2 (formerly Rule 3:59-2) which, at the making of the motion for a new trial, provided that such a motion should be made and argued no later than the second motion day after entry of the verdict of the jury, unless the court for good cause shown should grant further time. No express *366 extension of time for argument or reargument of this motion was ever granted below and no better excuse for the inordinate delay here manifested was offered by the parties than that counsel and the trial judge could not agree upon a mutually satisfactory date and place for the reargument and that the trial judge was ill for a time in the interim. There is thus presented a case of gross disregard by counsel for a rule of court which might well warrant the sanction of dismissal of this appeal, were it not for the substantial amount involved, the grave injury to the plaintiff in such a course, and the equal responsibility of counsel for both parties to have acted or insisted upon action in compliance with the rule.
It is of course true that the rules are but a mechanism for attaining the end of substantial justice. See Morsey v. Erle, 4 N.J. 276, 281 (1950); Grobart v. Society for Establishing Useful Manufactures, 2 N.J. 136, 152 (1949). And our courts have shown continuous solicitude for the requirements of justice in each case rather than concern for compliance with rules for the mere sake of compliance. But rules designed to accomplish reasonable dispatch in the administration of litigation are for the benefit of all who come into the courts. "Liberality in procedure has limits" which if permitted to be lightly or habitually transgressed in the name of substantial justice can well lead to "procedural chaos." See Schnitzer, Civil Practice and Procedure (Survey of New Jersey Law, 1949-1950), 5 Rutgers L. Rev. 295 (1950). The casual attitude toward a most salutary rule of practice by counsel in this case merits and has the firm condemnation of the court.
We proceed to the merits. Testimony was offered at the trial to indicate that about a month after the fire written inventory memoranda of the rugs damaged were prepared for the plaintiff by the New Jersey Carpet Cleaning Company and its representative, Henry L. Berman & Company. These showed the lot numbers, taken from tags on the rugs, and the type and size of each of the individual rugs. Thereafter plaintiff, who has been in the business of buying and selling *367 rugs of all kinds for 40 years, met with a group of appraisers and adjusters representing himself and certain adverse insurance interests, respectively, at plaintiff's place of business, for the purpose of examining the damaged stock and agreeing upon the extent of damage, in terms of dollars of loss, to each of the rugs involved. This they proceeded to do. The procedure followed was for the entire group to inspect each rug, for the appraisers and adjusters to confer as to the amount of the loss, and for plaintiff thereupon to indicate concurrence or disagreement with the appraisal by the others. Where he dissented there was sometimes adjustment of the figure. The amount finally agreed upon as the dollar measure of damage for each rug was written as an extension on the inventory memorandum alongside the denomination of the particular item and it represented the concurrent final appraisal of all the members of the group, including the plaintiff. Plaintiff testified, in effect, that while the writing on the sheets was not his it represented his personal knowledge as to the identity of the rugs enumerated and his contemporary judgment of the damage loss caused by the water soakage.
Plaintiff testified that he could not at the trial differentiate the degree and kind of particular damage to each of the rugs individually, but that generally the damage was all one kind or another of deterioration from immersion in water, including running colors, mold and stains, and that all of the 355 rugs listed had to be dried out, washed and refinished. The dollar estimates of damage generally represented the cost of reconditioning the merchandise and, in a few cases where rehabilitation was not feasible, the difference in market value of the item before and after the fire.
At the trial it was sought to adduce proof as to the damages through the testimony of plaintiff himself. On objection, however, the trial court refused to permit plaintiff to use the memoranda in connection with his testimony, except to intimate that he might read them to himself, and then, after laying them aside, testify from his recollection to the extent so refreshed, if he could. The witness said he could not do *368 this. Out of a disorderly melange of abortive questioning of the witness and colloquy between court and counsel we gather that plaintiff's position was that while his memory might be refreshed as to the items as he looked at the pertinent memorandum entries, he would have to look at each entry item on the paper as he testified in order to be able to give the pertinent damage figure in each case. The trial judge refused to allow this procedure, stating two bases for his determination, first, that the witness would in effect thus be giving by hearsay valuation evidence of other persons not thereby made available for cross-examination, and second, that the testimony was incompetent because neither the memoranda nor the witness' recollection encompassed the details as to the extent and nature of the physical damage to each rug which assertedly entered into the dollar estimates of damage thereto recorded on the papers.
We are clear that the ruling of the trial judge was insupportable on either of the grounds he advanced. There is certainly no tenable basis for an objection to opinion testimony by a witness on the mere ground that the opinion was arrived at in collaboration with others so long as it is evident, as it is here, that the opinion is unqualifiedly that of the witness, albeit it is also that of others. Cf. Chmiel v. Yatsko, 124 N.J.L. 508, 510 (Sup. Ct. 1940). And any present lack of recollection of the witness as to variables of physical damage to each of the several hundred items of merchandise here involved seems to us to go to the probative weight of the proof, rather than to its competency, particularly in the light of the showing that the basic cause of the damage to all of the rugs was their immersion in water. Moreover, the bases aforementioned upon which the appraisals of the loss were formulated were apt. Hintz v. Roberts, 98 N.J.L. 768, 770 (E. & A. 1923); Maurer v. Simon, 133 A. 79, 4 N.J. Misc. 409 (Sup. Ct. 1926).
The trial court was not called upon to rule upon the competency of plaintiff as an expert as to rug damage. The matter may arise on the retrial and we therefore observe that *369 since the ultimate criterion of damage in this situation is the difference in the value of the articles before and after the fire, Armstead v. Schletter, etc., Silk Hosiery, Inc., 9 N.J. Super. 270, 273, 274 (App. Div. 1950), plaintiff's 40 years of experience as a rug merchant should serve to qualify him. Leider v. Pitock, 15 N.J. Super. 592 (App. Div. 1951). Moreover, as owner of the articles, he is competent to testify to their value. See Teets v. Hahn, 104 N.J.L. 357, 359 (E. & A. 1928); Anderson v. Electric Laundry Co., 146 A. 683, 7 N.J. Misc. 567 (Sup. Ct. 1929); Ross v. Nevin Bus Lines, 154 A. 198, 9 N.J. Misc. 412 (Sup. Ct. 1931); Nixon v. Lawhon, 32 N.J. Super. 351, 356 (App. Div. 1954); 3 Wigmore, Evidence (3rd ed. 1940), sec. 716, p. 48.
The refusal of the trial court to permit plaintiff to attempt a proffer of proof of damages with the aid of the written memoranda, for reasons we are holding legally unjustified, prevented the full exploitation at the trial of plaintiff's rightful opportunity to undertake proof which may well have fallen within the range fixed by the authorities for the permissible use of written memoranda, either as instruments for revival of present recollection, or as repositories of the recorded past recollection of the witness. This leads to the conclusion that a new trial must be awarded on the issue of damages.
Respondent contends that the doctrine of past recollection recorded has been repudiated in this State, citing Dawson v. Holcomb, 4 N.J. Super. 563 (App. Div. 1949). In view of this, and also because the testimony of plaintiff in the limited scope he was allowed below leaves a question as to the extent to which the memoranda here in question did in fact revive the recollection of the witness, a review of the relevant law may serve to expedite the complete determination of this overaged litigation on the retrial.
The Dawson case, supra, did not hold the past recollection recorded doctrine to be without legal sanction in New Jersey. It did not even mention the rule. It held only that a memorandum offered to refresh a witness' recollection and used for that purpose was not evidential per se. That ruling *370 accords with such cases as Springer v. Labow, 108 N.J.L. 68 (Sup. Ct. 1931) and Jackson v. Pioneer Adhesive Works, Inc., 132 N.J.L. 397 (Sup. Ct. 1945), wherein it was held that if a memorandum possesses the capacity to refresh the recollection of a witness to such an extent as to enable him to testify from his present recollection thus revived he may use it to that end, and in that case the writing is not itself admissible in evidence. The Jackson case, supra, clearly expounds the rule that if the memorandum does not refresh the recollection of the witness and if he is "able to say that he made the entry, or caused it to be made, and at the time it was his purpose or duty to record the fact as it then existed, the record becomes a competent witness, not because it is a record of an event, but because it speaks the past knowledge of a witness to a fact occurring within the knowledge of the witness, truthfully recorded." (132 N.J.L., at page 401).
Flat application of the rule of past recollection recorded is to be found in Cottentin v. Meyer, 80 N.J.L. 52, 55 (Sup. Ct. 1910). There are numerous other judicial animadversions to its good standing, where properly invoked. See Chmiel v. Yatsko, supra (124 N.J.L., at page 510); Myers v. Weger, 62 N.J.L. 432, 441 (E. & A. 1898); as well as the Jackson and Springer cases, supra.
In the present case, at one point, the plaintiff said the memoranda would refresh his recollection. It appeared they probably did, as to the details of damage with respect to at least one rug. To what extent a trial court can discern from the performance of a witness with a paper in his hand, with any degree of certainty, where lies the line of demarcation in the shadowy psyche between the realm of things whose present recollection is revived by his glance at a writing and that of matters recorded on the sheet once known as facts but since partially or totally forgotten, is at least questionable. As was said in United States v. Riccardi, 174 F.2d 883, 889 (3 Cir., 1949), "the categories, present recollection revived and past recollection recorded, are clearest in their extremes, but they are, in practice, converging rather than parallel lines; the *371 difference is frequently one of degree." To adhere with rigidity to the test that the incapacity of a memorandum for present revival of recollection is an indispensable prerequisite for its evidential use as the recorded past recollection of the witness is of doubtful functional validity. The concept is described by Wigmore as "an inferior and local qualification unknown to the orthodox doctrine and unapproved by good sense." 3 Wigmore, Evidence (3rd ed. 1940), sec. 738, p. 77. Somewhat in accord with that point of view is the expression of the Court of Errors and Appeals in Myers v. Weger, supra, to the effect that (62 N.J.L., at page 441):
"It is said that a memorandum is for mere reference, and can be used only to excite the recollection. This is too narrow a statement of the rule. So strict a limitation would make memoranda unavailable in many cases where they are of value. The use by a witness of his own memorandum, made at or near the time of the events recorded, is not merely to refresh the memory by reviving faint impressions, but also to supplement the memory by preserving details that would otherwise be forgotten. In a case of the latter class the witness is able to prove the details, not by remembering the particulars that compose them, but because the circumstances under which the memorandum was made afford satisfactory assurance that at the time of the entry its contents were known by the witness to be true. It follows that a witness, in using his own memorandum, may not merely refer to it, but may also testify from it. * * *"
Wigmore says:
"* * * A faithful memorandum is acceptable, not conditionally on the total or partial absence of a present remnant of actual recollection in the particular witness, but unconditionally; because for every moment of time which elapses between the act of recording and the occasion of testifying, the actual recollection must be inferior in vividness to the recollection perpetuated in the record." Op. cit., supra, p. 76 (emphasis by the author).
See also Morgan, The Relation Between Hearsay and Preserved Memory, 40 Harv. L. Rev. 712, 713, 714 (1927); Partee, case note, 1950 Washington U.L.Q. 146, 148.
Accordingly, for purposes of the retrial herein, it is our view and we hold that partial revival of recollection by the *372 plaintiff of the details of the damages to the rugs or as to his appraisal of the loss in terms of dollars on the basis of resort to the memoranda will not bar his right as a witness to have as full use thereof as he requires to make his proof as to all the damages involved. We assume, of course, reestablishment of the prerequisites of the making of the entries on the documents at his behest; that it was his purpose then to cause to be truthfully set down accurate descriptions of the items and his then appraisal of the dollar losses; and that this was in fact done. We think these conditions were substantially satisfied at the trial below. Cf. More-Jonas Glass Co. v. West Jersey and S.R. Co., 76 N.J.L. 708 (E. & A. 1909); Model Code of Evidence, American Law Institute, Rules 408, 504. Since this case does not call for it, we leave for another day determination of the question whether full revival of recollection by use of a memorandum will prevent its evidential use per se as the recorded past recollection of the witness.
One final point by respondent requires notice. It is urged that the gravamen of appellant's complaint lies in the denial of his motion for a new trial and that he may not be heard on this review because appeal was taken only from the final judgment. We regard this as of no consequence. The point urged on the motion was identical in substance with the position of plaintiff at the trial, though less artfully presented there. The trial rulings of the court on evidence having been materially erroneous, they are obviously reviewable on appeal. Moreover, appeal of a final judgment brings up for review all errors below properly complained of, including that involved in denying a new trial. 6 Moore, Federal Practice (2d ed. 1953), sec. 59.15[1], p. 3893; 5 C.J.S., Appeal and Error, § 1492, p. 145; and see Hendrikson v. Koppers Co., Inc., 11 N.J. 600 (1953); Hager v. Weber, 7 N.J. 201 (1951).
Reversed and new trial ordered as to damages only, but without costs.