HARRY J. TEETS, APPELLANT, v. PERCY E. HAHN, RESPONDENT.

Argued October 24, 1927—Decided February 6, 1928.

For the appellant, *Earl A. Merrill.*

For the respondent, *William K. Flanagan.*

The opinion of the court was delivered by

KALISCH, J.   The appellant sued in the Plainfield District Court to recover from the respondent damages, which the former sustained to his automobile, resulting from a collision between the appellant's and respondent's motor vehicles.

At the trial, respondent admitted liability. The sole question left to be submitted to the jury related to the amount of damages which the plaintiff was entitled to recover. The trial judge directed a verdict of six cents for the plaintiff. From this action of the trial judge the plaintiff appealed to the Supreme Court, and that tribunal affirmed the judgment of the District Court, which judgment is now brought here for review.

Before discussing the meritorious question presented on this appeal, it is fit to note here, that the objection made by counsel of respondent, that the present appeal is not properly before this court, because there was no valid exception taken by counsel of appellant to the ruling of the trial judge, in relation to the subject-matter on appeal, is without substance.

We do not find the assertion of counsel confirmed by the record before us.

A fair reading of the colloquy between the trial judge and counsel for appellant, regarding the subject-matter of the court's charge, indicates, unequivocally, that a proper exception was taken to the judge's ruling.

The mooted question before us is, whether, under the testimony, the trial judge was warranted in directing the jury to bring in a verdict for nominal damages.

An examination of the testimony in the cause leads us to the conclusion that the trial judge in directing the verdict fell into error.

The record discloses that the damaged car was a Cleveland, six touring, and of a 1922 model; that the plaintiff bought the car in 1922 and paid for it $1,590, in installments, the cash price for the car being approximately about $1,100; that prior to the collision the car was in first class condition, though it needed new paint and looked rough; that it was in first class running condition; that as a result of the collision "the left-hand side of the car was smashed in near the cowl, which includes the front axle, which was bent; the left side and the steering shaft were bent and the gears were bent; the steering post, where the wheel is fast to, and the radiator was burst, by the impact pulling it around;" that

the condition of the car was such that it was not worth anything except for junk; that the plaintiff expended $5 to have the damaged car hauled to the garage.

In this posture of the case, there was before the jury evidence of the cost of the car in 1922, and the condition in which it was immediately prior to the time of the collision, and of its utter worthlessness after the collision, except for junk. There was, therefore, sufficient evidence which required the trial judge to submit the amount of damages sustained by plaintiff to the determination of the jury.

In the opinion of the Supreme Court, it is conceded that the price of the car, when new, and its age and condition, are elements to be considered in fixing values, nevertheless, the court held that they were not enough in themselves to constitute a basis for a jury to determine the damage which the plaintiff sustained.

To this view we cannot assent. While it may be true that there was not sufficient evidence from which a jury could determine the exact loss resulting to the plaintiff from the destruction of his property, this circumstance did not warrant the trial judge to arbitrarily fix the amount of the plaintiff's loss at six cents.

Furthermore, it appears that when the plaintiff was asked what the car was worth before the collision the question was objected to by defendant's counsel on the ground that he was not qualified to testify to the question, because it involved expert knowledge, and the trial judge sustained the objection. This ruling on part of the trial judge was erroneous. We think the plaintiff, who was a carpenter and builder, was competent to give his opinion as to the value of his car before the collision. To give such testimony did not involve expert knowledge.

Twelve men of ordinary intelligence sitting in a jury box, after hearing the testimony as to the cost of the car, its description, and use, and its condition immediately before and after the collision would be fairly enabled to arrive at the damage sustained, without the aid of expert testimony.

The opinion of the plaintiff, as to the value of the car before it was smashed in the collision, was competent testimony

and the extent of its probative value was for the consideration of the jury.

We think the true rule regarding this class of testimony is stated in *Sultan* v. *London Assurance Corp. et al.,* in a *per curiam* opinion by the Supreme Court, reported in 4 *N. J. Mis. R.* 947, where the court says: "As a general rule, the proper method of proving the value of chattels is to show what they will bring as between a willing seller and a willing buyer, and, if they have no market value, then to prove what they are worth by the opinion of experts. But, as we see it, this rule has no application to a case like the present, for, manifestly, chattels injured or partly destroyed by fire can have no market value and it would seem equally true that their value cannot be the subject of expert opinion."

In the cited case, the action of the trial judge was assailed as erroneous, because he admitted in evidence the price that the few goods which remained after the fire, but which were considerably damaged thereby, brought at a public auction sale.

In *Savarese* v. *Hartford Fire Insurance Co.,* 99 *N. J. L.* 435, in an action brought by the plaintiff on a policy of insurance to recover the value of the car which has been stolen, one of the grounds urged for reversal was that there was no evidence before the jury of the value of plaintiff's car at the time it was stolen, this court (at *p.* 438), said: "This contention lacks force from the testimony in the cause. There was proof that the plaintiff paid $750 for the car and subsequently expended about $400 more on the car for repairs and tires. The cost of the car, furnishings and repair are elements of value to be considered by a jury. *Luse* v. *Jones,* 39 *Id.* 707; *Budd* v. *Van Orden,* 33 *N. J. Eq.* 143 (at *pp.* 146, 147); *Goodman* v. *Lehigh Valley Railroad Co.,* 82 *N. J. L.* 450 (at *p.* 456); *Waldrons* v. *Wells,* 84 *Id.* 245; *State* v. *Duelks,* 97 *Id.* 43 (at *pp.* 47, 48)."

"On the question of the value of the car and the amount the plaintiff was entitled to recover if the jury found for the plaintiff, the court instructed the jury as follows: 'Now, the fact that the car was purchased for $750, if that was the sum which was paid for it, does not fix the value of the car. You

are to say from the evidence you have heard what the car's value was; what the car was worth at the time it was stolen. You may take those matters into consideration in determining the value of the car; but the plaintiff is only entitled to recover if he recovers at all, the value of the car at the time it was stolen.' "

The views herein expressed lead to a reversal of the judgment of the Supreme Court, affirming the judgment of the Plainfield District Court, to the end that a *venire de novo* may be awarded.

Judgment is reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.