SADIE TAYLOR AND MANZY TAYLOR, HER HUSBAND, IN HIS OWN RIGHT; EDITH TAYLOR AND ONEY TAYLOR, HER HUSBAND, IN HIS OWN RIGHT; NANCY PATTERSON AND CLAYBURN J. PATTERSON, HER HUSBAND, IN HIS OWN RIGHT, PLAINTIFFS-RESPONDENTS, v. CHARLES ADKINS, DEFENDANT-PROSECUTOR.

Submitted October term, 1931—Decided February 19, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiffs-respondents, *Walter S. Keown.*

For the defendant-prosecutor, *French, Richards & Bradley.*

PER CURIAM.

This is a negligence action arising out of an automobile collision. The six plaintiffs, in a sedan car owned and operated by plaintiff Clayburn J. Patterson, were proceeding eastwardly along Chestnut street in the city of Camden. As their car was passing the Fourth street intersection defendant's truck, coming from the north along Fourth street and crossing Chestnut street at right angles, struck the sedan car at the rear of the latter's left side, immediately over and back of the left rear wheel, swinging that car end foremost around into Fourth street, causing the sedan to overturn at the same time driving it against a truck which stood near

the east curb of Fourth street in such fashion that the latter truck was pushed off the highway against a brick building on the inner line of the sidewalk, uprooting an intervening tree. Verdicts went against the defendant and in favor of the several plaintiffs as follows: Sadie Taylor, for personal injuries, $1,000; Manzy Taylor, husband of Sadie, for personal injuries and also for consequential damages arising out of his wife's injuries, $1,500; Edith Taylor, for personal injuries and loss of profits from her hairdressing business, $4,000; Oney Taylor, husband of Edith, for personal injuries and consequential damages arising out of his wife's injuries, $1,500; Nancy Patterson, for personal injuries, $1,500; Clayburn J. Patterson, husband of Nancy, for personal injuries, property damage to his automobile and consequential damages arising out of his wife's injuries, $2,000.

Defendant, having sued out a rule directing the plaintiffs, and each of them, to show cause why the verdicts should not be set aside and a new trial granted, assigned twenty-nine reasons and enumerates nine points.

The first point is that the verdicts are against the clear weight of the evidence. We think not. The oral testimony supplemented by the mute evidence of the photographs showing the damaged automobile and the site of the collision is ample to sustain a finding of negligence against the defendant. Likewise we find adversely to the defendant on his second point, which is on the subject of contributory negligence.

The defendant next argues that the amount of the damages is excessive. Considering the verdicts separately, as of course we must, we do not find that any one of them is so exorbitantly high as to make manifest that the verdict was not the result of fair, impartial and dispassionate consideration of all the unimpeached evidence in the cause.

Defendant next complains that the court refused to charge that the proof by plaintiff Clayburn J. Patterson of a payment of $246.76 for repairs to the automobile was not to be considered by the jury and that the question of damage to

the automobile or of recovery therefor was eliminated. We think that the court's refusal was justified. *Teets* v. *Hahn,* 104 *N. J. L.* 357; 140 *Atl. Rep.* 427; *Hintz* v. *Roberts,* 98 *N. J. L.* 768; *Maurer* v. *Simon,* 4 *N. J. Mis. R.* 409. The damage to the automobile was shown by the testimony and the photographic exhibits sufficiently to make the request inappropriate. Beyond peradventure Patterson, defendant's liability being assumed, was entitled to nominal property damages and that of itself would invalidate the request as worded.

The alleged error set forth in point five is not dignified by argument and we find no error.

We find no substance in point six, seven or eight.

We discover no harm to the defendant in the matter complained of under the ninth point.

The rule will be dismissed, with costs.