EDWARD ACKERMAN, PLAINTIFF-RESPONDENT, v. SOMERSET BUS COMPANY, INCORPORATED, DEFENDANT-APPELLANT.

Submitted May term, 1934—Decided August 16, 1934.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Andrew O. Wittreich.*

For the respondent, *David E. Feldman.*

PER CURIAM.

This is an automobile accident case in which the plaintiff obtained judgment. Trial errors are alleged in rulings on the admission of evidence and on a motion for nonsuit.

The first objection was as to the ruling of the judge permitting the plaintiff to prove the value of his car. This was competent. *Teets* v. *Hahn,* 104 *N. J. L.* 357; 140 *Atl. Rep.* 427.

The next point is that there was error in permitting the plaintiff to testify as to the net earnings of the cab which had been damaged in the collision and was later repaired. The objection was that it was not accompanied by proof of the plaintiff's books of account. The witness was competent to prove his earnings regardless of his books. *Stuart* v. *Burlington County Farmers' Exchange,* 90 *N. J. L.* 584; 101 *Atl. Rep.* 265. He it was who received the proceeds from the operation of the car and he it was who would know of the expense of its operation.

It is next claimed that there was error in permitting one Hoagland, driver of the defendant's bus, to testify that he was employed by the defendant. This clearly was not objectionable. Hoagland was competent to prove his employment.

The motion for nonsuit was made and rested on the ground that the ownership of the defendant's bus had not been proved. This ground of objection was not decisive of the question of liability. Plaintiff did not rely upon ownership and its legal implications, but on the fact that the driver of the bus was employed by the bus company and that for his negligent operation of the automobile within the scope of his employment, the latter would be answerable.

The judgment is affirmed, with costs.