EMMA HOPPER, PLAINTIFF-RESPONDENT, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, DEFENDANT-APPELLANT.

Submitted October 12, 1934—Decided March 9, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Henry H. Fryling* (*Henry J. Sorenson,* of counsel).

For the respondent, *Alexander Raskin.*

LLOYD, J. The question involved on this appeal is whether the plaintiff owner of an automobile is, because of that fact alone, qualified to testify as an expert or to give opinion evidence as to the value of her car. The question was admitted in the trial court, the ruling excepted to, and an appeal from that ruling.

The general rule of qualification of a witness to testify as to values is that one so testifying shall have special knowledge of the subject-matter. Chief Justice Beasley, in the case of *Pennsylvania, &c., Railroad Co.* v. *Root,* 53 *N. J. L.* 253, expressed the well understood rule in this language: "None but experts on the given subject can, in any course of law, express their estimate of the ·value of any thing real or per-

sonal. Such, it is believed, is the universal practice of all courts that are controlled by the methods of the common law," and such is the law of our subsequent cases. It was adopted in *Laing* v. *United New Jersey Railroad*, 54 *Id.* 576, and declared to be the leading case on the subject in *Burrough* v. *New Jersey Gas Co.*, 94 *Id.* 536.

We are referred to the case of *Teets* v. *Hahn*, 104 *N. J. L.* 357, as establishing a contrary doctrine. We do not so understand it. On the trial of that case the trial judge had admitted like testimony coming from an owner who was a carpenter and builder, and it was held that the judge could not be convicted of error in deciding on these proofs that the witness was qualified. We cannot think that it was intended thereby to nullify or modify the rule which has stood the test of time and experience and is approved by all writers on the subject of evidence and the qualification of witnesses.

In the present case the woman plaintiff was employed as a stenographer. She owned the car, damage to which was the subject of the action; had owned two other automobiles and had been driving for four years. There was nothing herein to suggest that she had the slightest knowledge of the market value of an automobile before the accident, much less its value after a damaging accident and before repairs had been made. The questions eliciting replies as to such values were incompetent and should not have been permitted. While the qualifications of a witness are for the judge to pass upon, and where there is evidence of adequate qualification admission of such testimony will not be reversed in this court, it must appear, however, that there is qualifying evidence. In this case there was none.

The judgment is reversed.