32 N.J. Super. 351 (1954)
108 A.2d 480
CARRIE NIXON, GRACE L. MASSEY AND JOHN MASSEY, PLAINTIFFS, STANLEY D. NIXON, PLAINTIFF-APPELLANT,
v.
MILDRED LAWHON AND ANDREW RICE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 4, 1954.
Decided October 14, 1954.
*353 Before Judges EASTWOOD, GOLDMANN and SCHETTINO.
Mr. Stephen V.R. Strong argued the cause for plaintiff-appellant (Messrs. Strong & Strong, attorneys).
Mr. Baruch S. Seidman argued the cause for defendants-respondents (Messrs. Burton & Seidman, attorneys).
The opinion of the court was delivered by SCHETTINO, J.S.C. (temporarily assigned).
Appeal is taken from a judgment dismissing the third count for automobile property damage of an amended complaint containing five counts. Appellant was the owner of an automobile driven by his daughter, the plaintiff, Grace Massey, who had as a passenger, her mother. The automobile was involved in an intersectional accident. Plaintiff-wife and plaintiff-daughter recovered damages for personal injuries. Plaintiff husband and plaintiff son-in-law recovered damages for loss of consortium and medical expenses.
Appellant offered his own testimony as to the value of the automobile before and after the accident. The trial court sustained objections to such testimony. Because no other *354 testimony on value was proffered, the court granted defendant's motion to strike the third count on the ground that as to property damage "there is definitely no proof before the court nor the jury on which they could possibly arrive at any conclusion other than a purely speculative conclusion."
We first take up the trial court's ruling on the appellant's proffered testimony concerning value. It is axiomatic that the measure of damages is the difference between the value of the automobile before and its value after the accident. Appellant testified that he paid $1,995 for the automobile about seven months before the accident; that it was in very good condition throughout the entire seven months and up to the moment of collision. Such testimony was proper. In Savarese v. Hartford Fire Ins. Co., 99 N.J.L. 435, 438 (E. & A. 1924) the court said: "The cost of the car, furnishings and repair are elements of value to be considered by a jury." This statement was referred to with approval by the Court of Errors and Appeals in Teets v. Hahn, 104 N.J.L. 357, 360 (E. & A. 1928). Here not only was the cost of the auto shown, but testimony revealed its exact type and condition. Plaintiff's testimony was that the car was a 1951 Dodge hard-top convertible; that it was in very good shape before the accident. He also testified that after the accident the car was not drivable or steerable and submitted in evidence photograph exhibits which graphically showed how badly the car was damaged.
Respondents claim that the specific issue here involved is not whether plaintiff's testimony as to value was admissible as a matter of law, but rather whether the trial court properly exercised its discretion in ruling that plaintiff-owner was not qualified to testify as to the value of this automobile before and after the accident. The trial court expressly said that it did not "feel" that plaintiff was so qualified. Respondents argue that to render the opinion of a witness  even an owner  competent as evidence it must appear that he has special knowledge of the subject matter concerning which the testimony is offered, and that this requirement is substantial rather than formal. Respondents further contend *355 that whether the witness possesses such special knowledge or experience so as to qualify him is a question for the trial court to decide and that such determination is final unless shown to be erroneous in law, citing State v. Arthur, 70 N.J.L. 425, 427 (Sup. Ct. 1904).
Respondents' contentions run full-square into the decision of the Court of Errors and Appeals in Teets v. Hahn (supra 104 N.J.L. 357), and we are bound by the opinion of our State's then highest court. As judges of the Appellate Division it is our conception that our duty is encompassed by the obligation to decide what is the law to be applied to a given case on appeal and not what we feel the law should be. Greenspan v. Slate, 22 N.J. Super. 344, 351 (App. Div. 1952) reversed on other grounds, 12 N.J. 426 (1953).
In the Teets case the trial court and the then Supreme Court held that the owner was not qualified to testify as to value of the automobile. The Court of Errors and Appeals reversed and held that the owner was qualified. The respondents urge us to consider the old Supreme Court's interpretation of the Teets case in Hopper v. Public Service Coordinated Transport, 114 N.J.L. 468 (Sup. Ct. 1935), that the Teets case left the question of the owner's qualification to testify to the discretion of the trial court. We cannot conceivably read the Teets opinion in a manner consistent with that court's interpretation of it in the Hopper case opinion.
The Teets opinion and other authorities sustain the right of the appellant-owner to give an estimate of the worth of the automobile before it was smashed in the collision although the extent of its probative value is for the consideration of the jury. 3 Wigmore on Evidence (3d ed.), sec. 716, p. 48; 32 C.J.S., Evidence, sec. 545. p. 315. In Teets v. Hahn, (supra, 104 N.J.L. 359-360) the court said:
"Furthermore, it appears than when the plaintiff was asked what the car was worth before the collision the question was objected to by defendant's counsel on the ground that he was not qualified to testify to the question, because it involved expert knowledge, and the *356 trial judge sustained the objection. This ruling on part of the trial judge was erroneous. We think the plaintiff, * * *, was competent to give his opinion as to the value of his car before the collision. To give such testimony did not involve expert knowledge.
Twelve men of ordinary intelligence sitting in a jury box, after hearing the testimony as to the cost of the car, its description and use, and its condition immediately before and after the collision would be fairly enabled to arrive at the damage sustained, without the aid of expert testimony.
The opinion of the plaintiff, as to the value of the car before it was smashed in the collision, was competent testimony and the extent of its probative value was for the consideration of the jury."
In passing, we agree with the former Supreme Court's interpretation of the Teets case in Anderson v. Electric Laundry Co., 7 N.J. Misc. 567, 568 (Sup. Ct. 1929), not officially reported, that: "Under that case it was not necessary that the plaintiff be qualified as an expert."
We hold, as did the Teets case, that an owner of an article of personal property may, in circumstances like those present, give his opinion of its value before and after damage has been done, at least where such property is of a common class or in general daily use, except in those extreme cases where it is clear that he has not the slightest knowledge of such value. Ackerman v. Somerset Bus Co., Inc., 12 N.J. Misc. 660 (Sup. Ct. 1934); Ross v. Nevin Bus Lines, 9 N.J. Misc. 412 (Sup. Ct. 1931); Anderson v. Electric Laundry Co., 7 N.J. Misc. 567 (Sup. Ct. 1929); these cases are not officially reported. Cf. Sarkesian v. Cedric Chase Photographic Laboratories, 324 Mass. 620, 87 N.E.2d 745, 12 A.L.R.2d 902. The action of the trial judge in granting defendant's motion to strike the third count was reversible error.
The question of what issue (or issues) should be tried in case of a reversal was not considered in the appeal record. We feel that in the exercise of our sound discretion the best interests of justice will be served by a partial new trial and that the new trial should be limited to the question of automobile damage only and it is so ordered. Kress v. City of Newark, 8 N.J. 562, 576 (1952).
Judgment is reversed.