**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3187-18T3
             A-4292-18T2

LARRY SCHWARTZ and
NJ 322, LLC,

     Plaintiffs-Appellants,

v.

NICHOLAS MENAS, ESQ.,
COOPER, LEVENSON, APRIL,
NIEDELMAN & WAGENHEIM, PA,
ERIC FORD and PULTE HOMES,

     Defendants-Respondents,

and

BRAD INGERMAN and MBI
DEVELOPMENT COMPANY, INC.

     Defendants.
_____

LARRY SCHWARTZ,

     Plaintiff-Appellant,

v.

NICHOLAS T. MENAS, ESQ. and
COOPER, LEVENSON, APRIL,
NIEDELMAN & WAGENHEIM, PA,

Defendants-Respondents.

_____

Argued October 14, 2020 (A-3187-18T3) and October 22, 2020 (A-4292-18T2) – Decided November 6, 2020

Before Judges Yannotti, Haas and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket Nos. L-3904-11 and L-4776-13.

Bruce D. Greenberg and Giovanni De Pierro argued the cause for appellants Larry Schwartz and NJ 322, LLC in A-3187-18T3 (Lite DePalma Greenberg, LLC and De Pierro Radding, LLC, attorneys; Bruce D. Greenberg, Jonathan M. Carrillo, Giovanni De Pierro, Alberico De Pierro and David De Pierro, on the briefs).

Giovanni De Pierro argued the case for appellant Larry Schwartz in A-4292-18T2 (De Pierro Radding, LLC, attorneys; Giovanni De Pierro and Alberico De Pierro, on the briefs).

John L. Slimm argued the cause for respondents Nicholas Menas and Cooper Levenson, April, Niedelman & Wagenheim, PA, in A-3187-18T3 (Marshall Dennehey, Warner, Coleman & Goggin, attorneys; John L. Slimm and Jeremy J. Zacharias, on the brief).

Trevor J. Cooney argued the cause for respondents Pulte Homes and Eric Ford in A-3187-18T3 (Archer &

Greiner, PC, attorneys; Stephen M. Fogler and Trevor J. Cooney, on the brief).

Frederic L. Shenkman argued the cause for respondents Nicholas T. Menas, Esq. and Cooper Levenson April Niedelman & Wagenheim, PA in A-4292-18T2 (Cooper Levenson, PA, attorneys; Frederic L. Shenkman and Jennifer B. Barr, on the brief).

PER CURIAM

In these two appeals, calendared back-to-back and consolidated for purposes of this opinion, plaintiffs challenge the orders of the trial court, which granted defendants' motions to bar plaintiffs' expert reports supporting their claims for lost profits under the "new business rule." Plaintiffs also appeal the court's orders granting defendants' motions for summary judgment. We affirm.

I.

The parties are fully familiar with the procedural history and facts underlying each appeal. Therefore, we need only summarize them here.

A.

Plaintiff Larry Schwartz is the owner of a dry cleaning business in Staten Island, and has operated this enterprise as a sole proprietorship for approximately twenty years. In his deposition testimony, Schwartz admitted he has never owned any other businesses and that he has "never developed any pieces of property" or real estate.

3

However, Schwartz testified that between 2000 and 2011, he did purchase two or three "shells" in Newark and "rehabbed them." Schwartz never disclosed how he completed those "rehabs," that is, whether he directed and performed the work himself or simply financed the projects. In an answer to an interrogatory, Schwartz stated he also built three "two-family homes" in 2006 and 2007, and "developed eight other properties which were total [rehabs] (all were in Newark) . . ." between 2008 and 2012. However, Schwartz provided no further explanation concerning his role in the completion of this work and stated he did not recall whether he earned any money from these endeavors.

Nothing in the record indicates that Schwartz ever directed or worked on a project where he would have to break ground, frame houses, and construct the core and shell of each building. He had never created the infrastructure of water, electric, sewage, roadways, parking lots, and signage for a new development. Schwartz never claimed he owned any construction equipment or had a workforce on hand to develop a large project. Schwartz also admitted he had no experience constructing, planning, or financing an affordable housing project.

B.

With this background in mind, we turn first to Docket No. A-3187-18. Schwartz alleged that in 2006, defendant Nicholas Menas, who was a member

4

of defendant Cooper, Levenson, April, Niedelman & Wagenheim, P.A., contacted Schwartz's friend, Salvatore Surace, about a real estate project. According to Schwartz's deposition testimony, Surace "was a very wealthy individual [who] had multiple years and experience of building[.]" However, the record contains no further explanation of the nature of Surace's experience.

According to Schwartz, Menas proposed that Schwartz and Surace purchase a property in Monroe Township known as "Duncan Farms" and develop it as a mixed-use rental townhouse/commercial development. Schwartz and Surace agreed, and Menas formed plaintiff NJ 322, LLC with Schwartz and Surace as the sole members. After the property was purchased, Schwartz claimed that Menas and his law firm connived to have Duncan Farms rezoned for affordable housing so that defendant Pulte Homes could build a mixed-used market rate development on a different property that it owned in Monroe Township.

Once the nature of the Duncan Farms project changed to an affordable housing development, Surace dropped out of the venture and sold his interest to Schwartz. Schwartz had preliminary discussions with an individual who had experience in obtaining financing for affordable housing projects, but this individual did not partner with him. Schwartz asserted that thereafter Menas

and other defendants then prevented him from acting as the affordable housing developer at Duncan Farms, and caused MBI Development Company to acquire the project from Schwartz. Schwartz testified that he earned between $100,000 and $200,000 on the entire transaction.

In their complaint, plaintiffs Schwartz and NJ 322, LLC (collectively Schwartz) alleged legal malpractice against Menas and his law firm. Schwartz also alleged that all the defendants conspired to commit fraud, conversion, and tortious interference with a contract and business advantage. Schwartz sought damages, including lost profits.

In support of his claim for lost profits, Schwartz presented a report from his expert, Dr. Robert Powell, Jr. Dr. Powell stated he "assess[ed] the profits that would have likely been earned by [Schwartz] in the event that [his] development goals and objectives in connection with the development of [Duncan Farms] had not been frustrated by the alleged negligence and breach of fiduciary duty of [d]efendants to" Schwartz.

Dr. Powell identified two possible projects that could have been constructed on the property. The first option would have involved building "100 residential townhomes for sale along with 20,000 square feet of commercial space. The townhomes would be a mix of two and three bedroom units," and

would be sold at market prices. The commercial space "would feature a flexible layout to permit multi-tenant occupancy." Dr. Powell's report did not account for, or even mention, that Schwartz had never developed a project of this size or complexity. Instead, the expert opined that based upon a similar project in a neighboring municipality that had been constructed by "a national homebuilder[,]" Schwartz would have earned a $5,135,804 profit if he had developed this project.

In the alternative, Dr. Powell postulated that Schwartz would have earned a profit of $8,167,416 if he had constructed the development in the same manner as the actual, experienced developer who completed it. That developer built 132 rental apartments "with controls designed to make such units affordable to low and moderate income persons." Again, the expert's prognostications did not take into account that Schwartz had never developed any project like this in the past.

C.

Schwartz raised similar allegations of legal malpractice and breach of contract in the complaint he filed against Menas and his law firm in Docket No. A-4292-18. In this complaint, Schwartz alleged that in order to keep him engaged in the Duncan Farms project, Menas proposed that Schwartz purchase two real estate properties in Egg Harbor Township and then develop them. One

of the projects would be for affordable housing and the other would feature "adult, market rate residential units." Schwartz claims that he wanted to undertake these projects, but Menas breached his duty to him by allowing another individual to take over the development. Once again, Schwartz sought damages, including lost profits.

Dr. Powell prepared a written expert report concerning the proposed Egg Harbor development project. Dr. Powell opined that Schwartz would have earned: (1) a profit of $2,270,525 if he had constructed "a 'for sale,' upscale condominium project" consisting of 208 units; (2) a profit of $3,579,724 if Schwartz built "a 208-unit rental apartment project"; or (3) a $1,907,241 profit if Schwartz had instead developed an age-restricted "for-sale condominium project." As was the case with his other report, Dr. Powell did not mention Schwartz's lack of experience in the area of real estate development in his written opinion.

## II.

After the conclusion of discovery, the defendants in each of these actions filed motions seeking to bar Dr. Powell's reports under the new business rule. In order to place these motions into their proper perspective, we will now discuss

this judicially-created restriction on the ability of a business entity to prove that it has suffered lost profits in a business transaction.

## A.

Lost profits are a measure of compensatory damages that may be recoverable if they are capable of being established to a "reasonable degree of certainty." Desai v. Bd. of Adjustment, 360 N.J. Super. 586, 595 (App. Div. 2003) (citing Stanley Co. of Am. v. Hercules Powder Co., 16 N.J. 295, 314 (1954)). Anticipated profits that are too remote, uncertain, or speculative are not recoverable. Ibid. That a plaintiff may not be able to fix its lost profits with precision will not preclude recovery of damages, but courts require a "reasonably accurate and fair basis for the computation of alleged lost profits." V.A.L. Floors, Inc. v. Westminster Cmtys., Inc., 355 N.J. Super. 416, 424 (App. Div. 2002) (citations omitted). Thus, when the plaintiff is an ongoing business, its past experience and success will "provide[] a reasonable basis for the computation of lost profits . . . ." RSB Lab. Servs., Inc. v. BSI, Corp., 368 N.J. Super. 540, 556 (App. Div. 2004) (quoting V.A.L. Floors, 355 N.J. Super. at 425).

A-3187-18T3

However, in 1936, our Supreme Court adopted the new business rule. Weiss v. Revenue Bldg. & Loan Ass'n, 116 N.J.L. 208, 212 (E & A 1936). Under the new business rule, "prospective profits of a new business are considered too remote and speculative to meet the legal standard of reasonable certainty." RSB, 368 N.J. Super. at 556 (citing In re Merritt Logan, Inc., 901 F.2d 349, 356 (3d Cir. 1990)). As the Court of Errors and Appeals explained in Weiss:

> There is a well-established distinction, in respect of the ascertainment of future probable profits, between a new business or venture and one in actual operation. In the first, the prospective profits are too remote, contingent, and speculative to meet the legal standard of reasonable certainty; while in the second, the provable data furnished by actual experience provides the basis for an estimation of the quantum of such profits with a satisfactory degree of definiteness.
>
> [Weiss, 116 N.J.L. at 212.]

Since 1936, "[t]he vast majority of jurisdictions have rejected the new business rule, as a per se rule of exclusion, and instead allow lost profits when they can be proved with reasonable certainty." RSB, 368 N.J. Super. at 559 (citations omitted); see also Restatement (Second) of Contracts, § 352 comment b (1981). The Third Circuit has twice opined that if the matter were to be addressed by our Supreme Court, the Court would no longer follow the new

business rule.  See Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1176 (3d Cir. 1993); Merritt Logan, 901 F.2d at 356.  However, although a plurality of the Court hinted in 1992 that the new business rule may no longer be absolute, Perini Corp. v. Greate Bay Hotel & Casino, Inc., 129 N.J. 479, 484-89 (1992) (overruled on other grounds, Tretina Printing, Inc. v. Fitzpatrick & Assocs., Inc., 135 N.J. 349, 358-59 (1994)), a majority of the Court has never so ruled.

As we have made clear in a series of opinions discussing the new business rule, "[o]ur role as an intermediate appellate court is to follow the dictates of the Supreme Court or as in this case, its predecessor, the Court of Errors and Appeals." RSB, 368 N.J. Super. at 560 (citing Nixon v. Lawhon, 32 N.J. Super. 351, 355 (App. Div. 1954)); see also Bell Atl. Network Servs. v. P.M. Video Corp., 322 N.J. Super. 74, 98-99 (App. Div. 1999) (stating that "[w]hile the arguments for abandonment of the 'new business rule' appear to be persuasive, those arguments are not supported by a majority opinion of the Supreme Court"); V.A.L. Floors, 355 N.J. Super. at 425 n.8 (observing that "[i]n Bell Atlantic . . . we adhered to the 'new business rule' of Weiss, despite the three judge plurality opinion in Perini").  Therefore, whether or not "the time has come for our State to join the majority of jurisdictions that have abandoned this anachronistic rule," we, like our predecessors, are constrained to conclude that "until the Supreme

Court says otherwise, the new business rule remains the law in this State." RSB,

368 N.J. Super. at 560 (citations omitted).[1]

B.

Having determined that the new business rule was in effect and binding

on the trial court when it considered defendants' motions to bar Dr. Powell's

expert report on lost profits, we address each case in turn.

In Docket No. A-3187-18, all defendants moved for summary judgment.

In their motion, Menas and his law firm (collectively Menas) argued that

Schwartz had no experience as a developer of large residential projects and,

therefore, his claim for lost profits had to be dismissed under the new business

rule. Menas also asserted that Dr. Powell had only rendered a net opinion on

the question of lost profits.

In written decisions rendered on August 21, 2018, the motion judge denied

defendants' motions for summary judgment. In denying Menas's motion, the

judge mentioned, but did not specifically address or resolve, Menas's argument

that Schwartz's claim for lost profits was barred by the new business rule. The

---

[1] Like the Appellate Division, the trial divisions of the Superior Court are also bound by applicable Supreme Court precedent. White v. Twp. of N. Bergen, 77 N.J. 538, 549-50 (1978).

judge also made no express finding that Dr. Powell's report established Schwartz's claim for lost profits with a reasonable degree of certainty.

Instead, the motion judge merely concluded, without making any findings of fact as required by Rule 1:7-4, that he was "satisfied that [Dr.] Powell use[d] sound fact[s] when compiling his report as such calculations take into account the various changes in development e.g. affordable housing and age restricted requirements along with objective factors e.g. estimates of cost, capital structure, sales prices and rental rates." Thus, the judge stated that Dr. Powell's "opinion does not constitute a net opinion."

Because the motion judge failed to address the new business rule argument, all defendants filed motions for reconsideration. In a written decision rendered on September 28, 2018, the judge again declined to make any findings concerning the applicability of the new business rule. However, the judge stated he had been aware of the argument when he denied Menas's motion for summary judgment, but Schwartz had "suggest[ed] there [was] a material dispute as to whether [the new business rule] applies in this matter" in view of Schwartz's argument that Dr. Powell's report could establish "a rational basis in which to calculate profits with a reasonable degree of certainty." Therefore, the judge denied Menas's motion for reconsideration.

On September 12, 2018, Pulte Homes filed a specific motion to bar Dr. Powell's report and testimony under the new business rule. Menas joined in this motion shortly thereafter.

By that time, the matter had been reassigned to Judge Lourdes Lucas, and she made the motion returnable on October 12, 2018.[2] Thus, Schwartz had thirty days' notice of the motion and twenty-two days to file his response.

Following oral argument on October 12, 2018, Judge Lucas granted defendants' motion to bar Dr. Powell's report under the new business rule. Directly addressing the critical issue of whether Schwartz was operating a new business, Judge Lucas found in her oral opinion that Schwartz had never developed a project like this in the past and admitted "he had no experience with that." Nor was this an "expansion or a continuation of any . . . established business." The judge noted that Schwartz had no experience constructing affordable housing and, although Schwartz claimed he would add a more experienced partner to assist him, he never did so. Because Schwartz was a "new business," Judge Lucas concluded his claim for lost profits was barred under the Supreme Court's decision in Weiss.

_____

[2] Judge Lucas also scheduled the trial to begin on October 29, 2018.

A-3187-18T3

While Judge Lucas stated that her ruling was based on the new business rule and not grounded on N.J.R.E. 702 or N.J.R.E. 703, she nevertheless observed that the lost profits damages discussed in Dr. Powell's report "are somewhat speculative, because there could have been many scenarios of how this property could have been developed." The judge continued:

> [Dr.] Powell, when he presents his estimation of lost profits[,] [he] present[s] various scenarios of what the profits would be depending on what kind of development was done, if it was a mixed use development, if it was an affordable housing development, and he calculates two possible scenarios of lost profits, taking into consideration the different type of development that would have been done.
>
> Again, the [c]ourt finds that this is further support for the contention that the calculation of lost profits in this new venture would have been . . . is too remote to calculate at this time . . . at the time.

Schwartz filed a motion for reconsideration. He argued he was not operating a new business and, instead, his development of a 100 to 132 unit project, including roads, utilities, and parking lots, was merely an extension of his undefined prior work rehabilitating several dwellings. Schwartz also asserted that Judge Lucas ignored the law of the case established by the motion judge's ruling that Dr. Powell "use[d] sound fact when compiling his report." Finally, Schwartz alleged that defendants' motion to bar Dr. Powell's report was

15

an improper dispositive motion for summary judgment disguised as a motion in limine. Because of this, Schwartz argued that the judge should have rejected the motion under our decision in Cho v. Trinitas Regional Medical Center, 443 N.J. Super. 461 (App. Div. 2015).

Judge Lucas denied Schwartz's motion for reconsideration. In her November 30, 2018 oral opinion, Judge Lucas found that Schwartz's arguments concerning whether he was a "new business" had already been considered by her and he presented nothing new in support of them.

In concluding that Schwartz's law of the case argument also lacked merit, the judge found that the motion judge never made a ruling on the question of whether Schwartz's claim for lost damages was barred by the new business rule, despite Menas's two requests that he do so. As Judge Lucas stated, the motion judge never ruled that Dr. Powell's report "should be admissible" and he did not "find or make a finding or a holding that the new business rule did or did not apply." Accordingly, there was "no basis upon which to find that any of [the motion judge's] opinions or decisions in this case would constitute a law of the case that would prevent this [c]ourt from finding, as it did in its decision, that the new business applied . . . ."

Turning to Schwartz's contention under <u>Cho</u>, Judge Lucas found that the motion to bar Dr. Powell's report on the lost damages issue was not a dispositive one because Schwartz continued to claim he was entitled to other damages, including the costs he incurred for attorney's fees, permit filing fees, surveys, and other studies he was allegedly required to prepare in order to consummate the transactions and develop the property.

Thereafter, all defendants filed motions for summary judgment. At that time, Schwartz conceded he could not establish any claim for actual damages. Therefore, Judge Lucas entered summary judgment in defendants' favor. This appeal followed in Docket No. A-3187-18.

C.

The parties' pre-trial motion practice followed a similar route in Docket No. A-4292-18. After discovery was completed, Menas filed a motion for summary judgment, which Judge Lucas denied on December 7, 2018 because there were still material disputes of fact between the parties as to causation and damages.

On January 30, 2019, Menas filed a motion to bar Dr. Powell's report for the same reasons it had been barred in Docket No. A-3187-18. Oral argument on the motion was held on March 1, 2019 and, beforehand, Schwartz had ample

opportunity to file his response to the motion. Schwartz's opposition to the motion was virtually identical to the positions he advanced in the earlier case.

In her oral opinion rendered on March 1, 2019, Judge Lucas granted Menas's motion to bar Dr. Powell's report under the new business rule. Judge Lucas found that the rule applied to Schwartz because he had

> no experience in real estate development. He never developed property. [Schwartz] did no research as to whether there was a need for housing in Egg Harbor, nor did [Schwartz's] prior endeavors have any relation to this business. [Schwartz] didn't have any established track record in the development of projects and profitability of projects carried out by [him]. There is no evidence provided that [Schwartz's] business was an expansion or a continuation of any established business.

As she did in the first case, Judge Lucas again found that Dr. Powell's calculation of Schwartz's alleged lost profits was

> based on assumptions which . . . are too remote and speculative to support Dr. Powell's contentions. There are just too many factors and too many what ifs that would have to happen in order for any of these profits in either alternative one, two or three to . . . come to fruition.

Thus, the judge concluded:

> The very fact that Dr. Powell opined that there could have been three possible scenarios for the development of the project is also indicative of the fact that the development of the project and any profitability

18

of the project was, again, too speculative, as it would depend on how the project would be developed. And again, the [c]ourt won't reiterate here, but there were various assumptions that Dr. Powell made in coming up [with] his calculations that are, again, the [c]ourt finds, that would be remote and speculative.

Judge Lucas also rejected Schwartz's contention that Menas's motion was improper under Cho. The judge found that the motion to bar Dr. Powell's report was not a dispositive motion and, just as importantly, the motion had not been filed on the eve of trial.[3]

Thereafter, Menas filed a motion for summary judgment. After Schwartz conceded he could not prove that he sustained any actual damages, Judge Lucas granted the motion on April 26, 2019. This appeal followed in Docket No. A-4292-18.

## III.

In both appeals, Schwartz argues that we should determine that New Jersey should no longer apply the new business rule when an inexperienced entity with no proven track record in the enterprise it undertakes seeks lost profits. In the alternative, Schwartz asserts he was not operating a new large-scale residential real estate development business because the projects he hoped

---

[3] The judge stated in her opinion that the trial date was set for August 20, 2019.

to complete were merely extensions of his prior "business" of rehabilitating homes.  Therefore, he argues that Judge Lucas erred by barring his expert's reports on his claims for lost profits.  We disagree.

As discussed above, it is clear that the new business rule has been discontinued in a majority of the states.  Nevertheless, our Supreme Court has never repudiated it and, as we observed in RSB, we continue to be bound by the Court's decision in Weiss.  Therefore, we reject Schwartz's contention on this point.

We are also satisfied that Judge Lucas correctly barred Dr. Powell's reports on Schwartz's lost profits claims under the new business rule.  We exercise limited review of a trial judge's decision to exclude expert testimony. Townsend v. Pierre, 221 N.J. 36, 52-53 (2015) ("The admission or exclusion of expert testimony is committed to the sound discretion of the trial court."); Hisenaj v. Kuehner, 194 N.J. 6, 12 (2008) (stating that the trial court's evidentiary decision to admit expert testimony is reviewed for an abuse of discretion).

Here, we detect no abuse in discretion in Judge Lucas's reasoned conclusion that Schwartz was a "new business" subject to the rule.  Schwartz testified he was not a developer and he had no direct experience or training in

this area. Contrary to the argument he raises on appeal, Schwartz also admitted he had no business other than his dry cleaning operation in Staten Island. He did not claim that he had any construction equipment on hand or employees to operate it. He never directed the construction of a project involving dozens of townhomes, condominiums, or apartments; had no knowledge of, or experience in, affordable housing; and was never responsible for building roads and parking lots or installing utilities for multiple residences.

Judge Lucas correctly rejected Schwartz's assertion that his attempt to develop these properties was merely an extension of his prior, unexplained rehabilitation and building work on several homes. In this regard, Schwartz's reliance on RSB in support of this assertion is misplaced.

In that case, the plaintiff operated a "bleeding station" to which doctors referred patients to have their blood drawn for later analysis at a separate laboratory. RSB, 368 N.J. Super. at 544. The plaintiff then decided to transform her business into a full service laboratory, using the same personnel and client referral system. Id. at 544, 562. Under these circumstances, we concluded that the new business rule did not apply to bar the plaintiff's claim for lost profits. Id. at 562. We stated:

> [The] plaintiff had operated a bleeding station and sought to expand that business using existing clients

and referring physicians, thereby resulting in readily ascertainable profits. [The] [p]laintiff did not need to find new business as in <u>Weiss</u>, or new customers as in <u>Seaman [v. U.S. Steel Corp.</u>, 166 N.J. Super. 467 (App. Div. 1979).]

[<u>Ibid.</u>]

In the present case, defendant had no existing business that he could expand into a major land development enterprise. Whatever his role had been in the rehab projects he claimed to have undertaken, the management of projects of the size and scope envisioned here would be drastically different. Thus, this case is much more like <u>Seaman</u> than <u>RSB</u>. In <u>Seaman</u>, the plaintiffs operated a marine salvage business. <u>Id.</u> at 469. The plaintiffs determined that if they could build a large floating crane, they could reap additional profits from the new work they would be able to perform. <u>Ibid.</u> The plaintiffs bought steel from the defendant to build the crane, but the steel was defective, and the plaintiffs could not construct or operate the crane. <u>Id.</u> at 469-70.

The plaintiffs sued the defendants for the profits they lost when they were not able to bid on a contract that required the use of a crane. <u>Id.</u> at 472. In concluding that the plaintiffs' claim was barred by the new business rule, we found that the plaintiffs had "never operated a crane of this size in their business, nor had they ever rented such a crane to others. It was to be a new operation in

22

their business without prior experience as to the floating crane's potential as profit-producing equipment." Id. at 475.

Similarly, Schwartz had never undertaken the full responsibility for a major residential development project like that envisioned in these two cases. He had no experience at all in completing ventures of this nature. Thus, he was definitely engaging in an entirely new business that was completely different from whatever his role had been in the few rehab projects he performed.

We also reject Schwartz's argument that he could have partnered with other individuals with more experience and completed the projects. Surace lost interest in the Monroe Township project after it was converted to an affordable housing development and he sold his interest to Schwartz. Although Schwartz contacted someone who had experience in this area, he never consummated a partnership with this individual. And, if he had done so, this would have been further evidence that this was an entirely new enterprise from Schwartz's prior involvement in the rehab projects.

Because Schwartz was unquestionably a new business within the intendment of the governing case law, his claim for lost profits was not permitted by the new business rule. Therefore, Judge Lucas correctly barred Schwartz from introducing Dr. Powell's reports in support of that claim.

A-3187-18T3

Finally on this point, we again note that although Judge Lucas based her decision to bar Dr. Powell's reports on the new business rule, she also found that his opinions were highly speculative. Dr. Powell was not sure what type of developments Schwartz would attempt to construct on the sites, made no attempt to analyze what role Schwartz's complete lack of experience might have on the projected profits, and based his profit projections on successful projects undertaken by fully-experienced firms in other locations. Thus, Dr. Powell's reports did not establish Schwartz's claims for lost profits with the reasonable degree of certainty required by our case law. RSB, 368 N.J. Super. at 555.

IV.

In both appeals, Schwartz contends that Judge Lucas should not have considered defendants' motions to bar Dr. Powell's reports because the motions were actually dispositive summary judgment motions that were filed too close to the start of trial in violation of Cho. Again, we disagree.

In Cho, we criticized the practice of filing a motion in limine seeking the exclusion of an expert's testimony just as the trial was about to begin. In doing so, we stated that "[w]hen granting a motion will result in the dismissal of a plaintiff's case or the suppression of a defendant's defenses, the motion is subject

to Rule 4:46, the rule that governs summary judgment motions." Cho, 443 N.J. Super. at 471.

In Cho, the defendant filed a motion in limine on the eve of trial, seeking dismissal of the defendant's claims based on the prior barring of plaintiff's expert, which the judge granted. Id. at 465-67. We reversed and held that

> our commitment to the fair administration of justice demands that we protect a litigant's right to proceed to trial when he or she has not been afforded the opportunity to respond to dispositive motions at a meaningful time and in a meaningful manner. We therefore hold that . . . [the] resulting dismissal of a complaint deprives a plaintiff of due process of law.

> [Id. at 474-75.]

The facts here are plainly distinguishable from Cho. In Docket No. A-3187-18, Menas had been seeking to bar Dr. Powell's report under the new business rule since August 2018. After the motion judge failed to consider this issue when he denied Menas's motion for summary judgment on August 21, 2018, Menas raised the issue again in a motion for reconsideration. When the motion judge denied the motion for reconsideration without addressing the new business rule argument, all defendants moved on September 12, 2018 to bar Dr. Powell's report. Judge Lucas set an October 12, 2018 return date for this motion. Thus, Schwartz had ample notice that defendants were seeking to apply the new

25

business rule to bar Dr. Powell's report, and ample time to respond before the judge granted the motion on October 12.

Schwartz had even more time to address Menas's motion to bar the report in Docket No. A-4292-18. There, Menas filed the motion on January 30, 2019, the motion was not argued until March 1, 2019, and the trial was not scheduled to begin until August 20, 2019.

Under these circumstances, we discern no basis for disturbing Judge Lucas's decisions under Cho. In both cases, Schwartz had sufficient notice of the motions and a full opportunity to respond to them. In addition, the summary judgment dismissal in each matter was the product of a separate motion. Therefore, Schwartz was not deprived of due process.

V.

In Docket No. A-3187-18, Schwartz argues that Judge Lucas's "grant of defendants' motion to bar [Dr. Powell's report] violated the law of the case doctrine, since [the motion judge] had previously repeatedly ruled that the new business rule did not bar [Schwartz's] claims." This argument lacks merit.

"The 'law of the case' doctrine embodies 'the principle that where there is an unreversed decision of a question of law or fact made during the course of litigation, such decision settles that [question] for all subsequent stages of the

26

suit." <u>L.T. v. F.M.</u>, 438 N.J. Super. 78, 88 (App. Div. 2014) (quoting <u>Slowinski v. Valley Nat'l Bank</u>, 264 N.J. Super. 172, 179 (App Div. 1993)). The application of the doctrine is confined to preventing "relitigation of a previously resolved issue." <u>In re Estate of Stockdale</u>, 196 N.J. 275, 311 (2008). However, the doctrine is not inflexible, and a court maintains the discretion to revisit an earlier ruling whenever those "'factors that bear on the pursuit of justice and particularly, the search for truth'" outweigh "the value of judicial deference for the rulings of [the] coordinate judge." <u>Hart v. City of Jersey City</u>, 308 N.J. Super. 487, 498 (App. Div. 1998) (quoting <u>State v. Reldan</u>, 100 N.J. 187, 205 (1985)).

Here, Schwartz contends that the motion judge made a definitive ruling that the new business rule did not apply to bar his claim for lost profits and that Judge Lucas was bound to follow this ruling throughout the rest of the proceeding. However, Schwartz's assertion fails because the motion judge made no such ruling in his decision denying Menas's motion for summary judgment or in his denial of Menas's motion for reconsideration.

As discussed above, the motion judge did mention that Menas had argued that the new business rule required the dismissal of Schwartz's claim for lost profits. However, the judge never addressed that argument in the rest of his

27

decision. Instead, without making any findings of fact as required by Rule 1:7-4, the judge cryptically concluded that he was "satisfied that [Dr.] Powell use[d] sound fact[s] when compiling his report" and, therefore, "such opinion does not constitute a net opinion."

Contrary to Schwartz's argument, this statement did not constitute a ruling that the new business rule was inapplicable to Schwartz, and it was also not a ruling that Dr. Powell had demonstrated Schwartz's alleged lost profits with a reasonable degree of certainty as required by the governing case law. RSB, 368 N.J. Super. at 555. Because the motion judge never addressed the key issue underlying Menas's motion for summary judgment, Judge Lucas was in no way bound by the motion judge's prior decisions when she properly considered defendants' motions to bar Dr. Powell's report under the new business rule. Therefore, we reject Schwartz's contention on this point.

VI.

In sum, we affirm Judge Lucas's orders barring Dr. Powell's expert reports in both cases, denying Schwartz's motion for reconsideration in Docket No. A-3187-18, and granting defendants' motions for summary judgment in both cases.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3187-18T3