**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1965-22

EDRAS PIERRE-LOUIS and
MARIE LOUIS,

     Plaintiffs-Appellants,

v.

PRINCETON 370 LLC,
ALLSTATE NEW JERSEY
INSURANCE COMPANY,
CHELSEA & COMPANY
CONSTRUCTION, INC, AND
PAUL DELSOIN,

     Defendant-Respondent.

_____

         Submitted September 25, 2024 – Decided October 30, 2024

         Before Judges Marczyk and Paganelli.

         On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-3588-20.

         Jeffrey A. Bronster, attorney for appellants.

         Paul V. Fernicola & Associates, LLC, attorneys for respondent (Paul V. Fernicola, of counsel; Robert E. Moore, on the brief).

PER CURIAM

Plaintiffs Edras Pierre-Louis and Marie Louis appeal from a February 3, 2023 order granting defendant, Princeton 370 LLC, summary judgment and dismissing their complaint, and the March 3, 2023 order denying their motion for reconsideration. Because the trial court misapplied the law as to the evidentiary standards regarding real and personal property damage claims, we vacate the orders and remand the matter for further proceedings.

We glean the facts and procedural history from the motion record. The parties were owners of adjacent parcels of land. Princeton 370, or others on its behalf, demolished the structure on its parcel. Plaintiffs filed a complaint alleging "negligen[ce] in the planning, design, and execution of the demolition and excavation," that resulted in real and personal property damages.

During discovery, plaintiffs produced expert reports concerning the cost to repair their house and the value of the damaged personal property. Following discovery, defendant moved for summary judgment. The trial court found plaintiffs: (1) proffered an expert opinion as to the cost of repair of the real property; (2) "never spent a dime . . . to repair the property, [and] instead [they] sold it"; and (3) did "not have an appraisal expert as to the diminution of value

2

in the real estate as a result of the alleged damage caused by the defendant's work."

Relying on our opinion in St. Louis,[1] the trial court determined plaintiffs had the burden to establish "that the reasonable cost of completing performance or remedying the defects [wa]s the appropriate [measure of] damages." However, the court stated this measure was appropriate "only if the cost [wa]s not clearly disproportionate to the probable loss [of] value." The court found "plaintiff[s] ha[d] the burden of showing that the cost [wa]s not clearly disproportionate to the probable loss in value to [them]." Therefore, because there was no testimony "as to the probable loss [in] value," plaintiffs could not sustain their burden.

In addition, the trial court found that allowing plaintiffs to pursue the cost of repair would permit them to "get[ money] for something they never spent." The court determined plaintiffs could not "recover . . . the cost of repairs [they] never did."

There seems to be no dispute that defendant's motion focused on plaintiffs' claim for real property damages. Nonetheless, the trial court's order granted

---

[1] St. Louis, LLC v. Final Touch Glass & Mirror, Inc., 386 N.J. Super. 177, 188-89 (App. Div. 2006).

defendant summary judgment as to plaintiffs' real and personal property damage claims.

Plaintiffs filed a motion for reconsideration. Plaintiffs argued: (1) their expert report on personal property damages was admissible; (2) they were "entitled to testify about the value of [their] own [personal] property"; and (3) summary judgment should not have been granted to defendant on the entire complaint because the parties had not addressed plaintiffs' claim for personal property damages.

The trial court noted that "all of the [summary judgment] briefs and all of the oral argument related to the real estate property damage claim. There was no mention of plaintiff[s'] claims for damage to personal property in the briefs . . . or oral argument." In addition, the court found that plaintiffs' purported expert report, on their claimed personal property damages, was inadmissible for failing to comply with Rule 4:17-4(e). Lastly, the trial court determined that plaintiffs, as lay people, could not give an opinion on the alleged damaged personal property. The court stated plaintiffs' testimony was "not something [it] would probably permit at the time of trial, even without a deposition of the plaintiff[s] to see what the[ir] qualifications would be."

Therefore, applying Rule 4:49-2, the trial court denied reconsideration to vacate the order as to plaintiffs' damaged personal property, because: (1) "the motion for summary judgment was to dismiss all of the claims" despite "the personal property claims . . . not [being raised] at the time of oral argument or in the briefs"; and (2) plaintiffs could not provide expert testimony or testify themselves as to their personal property damages.

On appeal, plaintiffs argue the trial court erred in granting defendant summary judgment as to their alleged real property damages because: (1) the United States Supreme Court has held that a "plaintiff may seek restoration damages, even if th[e damages] exceed the property's diminution in value" "when the damaged property serves as a private residence and the plaintiff has an interest in having the property restored";[2] (2) the sale of the property did not preclude their recovery of the cost of repair, citing St. Louis, 386 N.J. Super. at 192-93; (3) they made a prima facie showing of a "loss in a specific amount" sufficient to survive a motion for summary judgment; and (4) the trial court failed to shift the burden to defendant "to challenge . . . valuation" after they made a showing of cost of recovery, citing id. at 190-91.

---

[2] Citing Atl. Richfield Co. v. Christian, 590 U.S. 1, 9 (2020).

In addition, plaintiffs argue the trial court erred in granting defendant summary judgment as to their alleged personal property damages because the court: (1) granted relief that "defendant never . . . asked for" and applied the wrong standard for reconsideration of an interlocutory order; (2) "rejected" the "admittedly" deficient purported expert report; and (3) "had no legal or factual basis upon which to determine sua sponte that [p]laintiffs were simply not qualified to state an opinion as to the value of their own property."

I.

We review the grant of summary judgment de novo, applying the same legal standards as the trial court. Green v. Monmouth Univ., 237 N.J. 516, 529 (2019).

> The judgment or order sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law. An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.
>
> [R. 4:46-2(c).]

"The factual findings of a trial court are reviewed with substantial deference on appeal, and are not overturned if they are supported by 'adequate, substantial and credible evidence.'" Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 115 (2014) (quoting Pheasant Bridge Corp. v. Twp. of Warren, 169 N.J. 282, 293 (2001)).

"A party cannot defeat a motion for summary judgment merely by submitting an expert's report in his or her favor." Brill v. Guardian Life Ins. Co. Am., 142 N.J. 520, 544 (1995). "In order for such a report to have any bearing on the appropriateness of summary judgment, it must create a genuine issue of material fact." Ibid. Where an expert report fails to adequately address the issues involved in a cause of action, "it [i]s entirely proper for the trial court to . . . preclude[ the expert's] testimony." Nicholl v. Reagan, 208 N.J. Super. 644, 651 (App. Div. 1986). Thus, where a plaintiff fails to produce an expert report that opines as to the appropriate measure of damages, there is no genuine issue of material fact which is in dispute, and the defendants would be entitled to judgment as a matter of law. See Brill, 142 N.J. at 540.

"If there is no genuine issue of material fact, we must then 'decide whether the trial court correctly interpreted the law.'" DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting

Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007), certif. denied, 195 N.J. 419 (2008), overruled on other grounds by Wilson ex rel. Manzano v. City of Jersey City, 209 N.J. 558, 563 (2012)). We review issues of law de novo and accord no deference to the trial judge's conclusions of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

## II.

"[T]he appropriate measure of damages for an injury to real property [i]s a 'complex subject' that . . . 'depend[s] upon the evidence in the particular case.'" St. Louis, LLC v. Final Touch Glass & Mirror, Inc., 386 N.J. Super. 177, 188 (App. Div. 2006) (quoting Velop, Inc. v. Kaplan, 301 N.J. Super. 32, 64 (App. Div. 1997)). The measure "rests in good sense rather than in a mechanical application of a single formula." Ibid. (quoting 525 Main Street Corp. v. Eagle Roofing Co., 34 N.J. 251, 254 (1961)). "Hence a given formula is improvidently invoked if it defeats a common sense solution." 525 Main Street, 34 N.J. at 254. "Generally, either diminution in the value of the property or the reasonable cost of restoring or repairing the damage may be appropriate." St. Louis, 386 N.J.

Super. at 188 (citing Berg v. Reaction Div., Thiokol Chem. Corp., 37 N.J. 396, 411 (1962)).

Here, the question presented was whether defendant was entitled to summary judgment when plaintiffs proffered an expert's opinion on damages for the cost to repair real property but failed to present an expert's opinion on the diminution of the value of the real property. The trial court concluded that summary judgment was justified because plaintiffs could not equate the cost of repairs with the diminution of the value of the real property. We conclude the court's approach was too narrow.

In St. Louis, the plaintiffs were permitted to proceed based solely on their expert's opinion on the cost of repair. St. Louis, 386 N.J. Super. at 190.[3] [4] The plaintiffs' expert on the diminution of the value of their real property had been barred pretrial. Id. at 185.

---

[3] A plaintiff in St. Louis was permitted to testify regarding his opinion on the diminution in value of the real property as a layperson under N.J.R.E. 701. St. Louis, 386 N.J. Super. at 186. However, we specifically concluded the expert's opinion, as to the cost of repair, was sufficient to permit plaintiff to proceed— "exclusive of [plaintiff's] value testimony"—to the jury. Id. at 190.

[4] In St. Louis, the plaintiff "survive[d] defendant's Rule 4:37-2(b) motion" at trial; here, the question was whether plaintiffs could survive defendant's motion for summary judgment under Rule 4:46-2. "[T]he essence of the inquiry in each is the same." Brill, 142 N.J. at 536.

Here, plaintiffs presented an expert opinion regarding the cost of repair and thereby created "a genuine issue of material fact." Brill, 142 N.J. at 540. In light of the disputed fact, the trial court erred in concluding defendant was entitled to summary judgment as a matter of law. R. 4:46-2(c).

Moreover, the court erred in overlooking defendant's burden of production, after plaintiffs proffered the cost of repair. In St. Louis, we recited the burden shifting framework:

> Once plaintiff survived the motion to dismiss, it became defendant's burden to challenge the valuation. . . . Pennington [v. Rhodes,] 929 S.W.2d [169,] 175 [(Ark. Ct. App. 1996)] (once injured party presents sufficient proof to get to jury on cost of repairs, burden shifts . . . to show "(a) either that repairing the defects was unreasonable because it would have involved more destruction of quality workmanship than would have been warranted considering the value likely to be added to the house by making the repairs, or (b) that the repairs would have been disproportionate to the probable increase in value to [the injured parties] resulting from proper construction, so that difference in value would have been the proper measure of damages"); Panorama Vill. Homeowners Ass'n [v. Golden Rule Roofing, Inc.,] 10 P.3d [417,] 422 [(Wash. Ct. App. 2000)] (once injured party establishes cost to remedy defects, contractor bears burden of challenging evidence to reduce the award).
>
> [Id. at 190-91.]

We note the burden of persuasion is not shifted. Therefore, once defendant's burden of production is satisfied, the ultimate burden of persuasion remains with plaintiffs. See N.J.R.E. 101(b)(1) - (2) ("'[b]urden of persuasion' means the obligation of a party to meet the requirements of a rule of law that the fact be [the applicable] standard as required by law"; and "'[b]urden of producing evidence' means the obligation of a party to introduce evidence when necessary to avoid the risk of a judgment or peremptory finding against that party on an issue of fact.").

Therefore, we conclude the court erred in granting defendant summary judgment—on plaintiffs' claims for real property damages—because there was a material fact in dispute—plaintiffs' expert opinion on the cost of repair. Moreover, as a matter of law, summary judgment was impermissibly granted considering defendant's failure to produce evidence on valuation.

Considering these conclusions, we briefly address plaintiffs' remaining arguments. First, that the mere sale of the real property does not preclude an award for the cost of repair. This argument has merit, indeed in St. Louis, the plaintiffs had sold the property and were awarded the cost of repair.

Second, plaintiffs rely on Atl. Richfield, for the proposition that when there is a "private residence" and "an interest in having the property restored";

the claiming party can recover the cost of repair. We conclude plaintiffs' reliance is misplaced. Atl. Richfield provides that "[t]o collect restoration damages, a plaintiff must demonstrate that he has 'reasons personal' for restoring the property and that his injury is temporary and abatable, meaning '[t]he ability to repair [the] injury must be more than a theoretical possibility.'" Atl. Richfield, 590 U.S. at 9 (second and third alterations in original) (quoting Sunburst Sch. Dist. No. 2 v. Texaco, Inc., 165 P.3d 1079, 1086 (Mont. 2007)). In addition, "[t]he injured party must 'establish that the award actually will be used for restoration.'" Ibid. (quoting Lampi v. Speed, 261 P.3d 1000, 1006 (Mont. 2011)). Here, the record is scant on these issues, but we note plaintiffs sold the property, making actual restoration impossible.

III.

In addressing the measure of damages, "where harm is done to personal property, the Restatement (First) of Torts § 928 (Am. L. Inst. 1939) provides that the plaintiff be given an option to recover either the diminution in value or the reasonable cost of repairs." Berg, 37 N.J. at 411-12 (citation reformatted).

Model Jury Charges (Civil), 8.44(A), "Personal Property" (approved Mar. 1975), similarly provides:

12

If you ultimately find the plaintiff's personal property was damaged as a result of the defendant's negligence, plaintiff would be entitled to your verdict. Plaintiff would be entitled to money damages from the defendant for the loss suffered.

The measure of damages for such loss is the difference between the market value of the personal property before and the market value after the damage occurred. If the personal property has no market value in its damaged condition, the measure of damages is the difference between the market value of the personal property before the damage occurred and its salvage value in its damaged condition. If the personal property is not substantially damaged and it can be repaired at a cost less than the difference between its market value before and its market value after the damage occurred the plaintiff's damage would be limited to the cost of the repairs.

Further, regarding "[e]vidence as to [v]alue" the jury charges provide:

[i]n determining the amount of money, if any, to be awarded the plaintiff (owner) for the damage to his/her personal property, you may consider, but are not bound by, the testimony of the plaintiff (owner) as to his/her opinion of the value of the property before and after it was damaged.

[Model Jury Charges (Civil), 8.44(B), "Personal Property" (approved Mar. 1975).]

The charge specifically advises the judge that:

[t]he owner of personal property may be permitted to testify as to its value before and after damage where such personal property is "of a common class or in

13

general daily use," in the court's discretion, but not where the owner has not the slightest knowledge of such value. . . . Rodgers v. Reid Oldsmobile, Inc., [58 N.J. Super. 375, 38 (App. Div. 1959)] and Nixon v. Lawhon, [32 N.J. Super. 351, 356 (App. Div. 1954).]

[Ibid.]

Here, the judge "gave some examples" of plaintiffs' alleged personal property damages. He stated that he "did not find that those items w[ould] be something that a layperson, like the plaintiff[s], c[ould] give an opinion on." The judge continued:

for a layperson to tell me the value of those type of items after two, three, or five years, and how much they would have depreciated on the marketplace, [was] not something that I would probably permit at the time of trial, even without a deposition of the plaintiff to see what the qualifications would be.

Therefore, because the judge did "not believe the plaintiff[s] would be qualified to give an opinion as to those items"; he determined plaintiffs could not "get that issue before the jury."

We conclude the judge misapplied the law regarding evidence on damage to personal property. The jury charge and relevant case law permit plaintiffs' lay testimony regarding the damages. Obviously, if plaintiffs do not have the

14

"slightest knowledge" or the testimony is objectionable for some other reason, the trial court can address those issues at trial.

As to the trial court's decision to bar plaintiffs' personal property expert, "[t]he admission or exclusion of expert testimony is committed to the sound discretion of the trial court." Townsend v. Pierre, 221 N.J. 36, 52 (2015). "As a discovery determination, a trial court's grant or denial of a motion to strike expert testimony is entitled to deference on appellate review." Ibid. "[W]e apply [a] deferential approach to a trial court's decision to admit expert testimony, reviewing it against an abuse of discretion standard." Id. at 53. (second alteration in original) (quoting Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371-72 (2011)).

An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Plaintiffs admit the expert's report "did not contain some of the information that under the rules should be included." In part, Rule 4:17-4(e) requires that:

> [t]he report shall contain a complete statement of that person's opinions and the basis therefor; the facts and data considered in forming the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; and whether compensation has been or is to be paid for the report and testimony and, if so, the terms of the compensation.

The trial court determined the report was deficient and plaintiffs admit to deficiencies. Under these circumstances, we no find no abuse of the judge's discretion in barring the report.

Lastly, the entry of summary judgment was not a final order as to all parties and all issues. Instead, plaintiffs continued to have pending claims against other defendants. Therefore, the trial court was not constrained by Rule 4:49-2, or the standards enunciated in Cummings v. Bahr, 295 N.J. Super. 374 (App. Div. 1996), in deciding plaintiffs' motion for reconsideration. Instead, the court's analysis was guided by the more liberal standard using its "sound discretion" and the "interest of justice" provided in Rule 4:42-2. See Lawson v. Dewar, 468 N.J. Super. 128, 134-35 (App. Div. 2021). Under the more liberal standard, the trial court should have permitted reconsideration to address plaintiffs' personal property claims since the summary judgment motion only

addressed the issue of real property damages. Nonetheless, any error was of no moment, as the trial court addressed the substance of plaintiffs' arguments.

We vacate the orders granting summary judgment and denying reconsideration and remand to the trial court for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION